No. 9.—Nathaniel C. Robbins and George Field, plaintiffs in error, *vs.* William Mount, administrator of John W. Brown, deceased, Benjamin Cone, James P. Holmes, and John W. Sutliv., defendants in error.

[1.] A court of equity will not relieve against a judgment at law, unless the defendant in the judgment can show he had a good defence of which he was entirely ignorant while the suit at law was pending against him ; or unless he was prevented from availing himself of his defence, by fraud, or accident, or the act of the adverse party, *unmixed with negligence, or fault on his part.*

Bill for discovery, relief, and injunction to stay a judgment and execution at law, and demurrer. From Early Superior Court. Demurrer heard and overruled. Judge Warren presiding. April Term, 1847.

Nathaniel C. Robbins, one of the plaintiffs in error, instituted an action at law in said Superior Court, against the defendants in error, upon a note for $1000, payable to the order of John Dill, at the Apalachicola office of the Southern Life Insurance and Trust Company, and indorsed in blank by Dill to George Field, the other plaintiff in error, and by him to said Robbins. At the October Term 1843 of the Court below, being the trial term of the action, the defendants, by their counsel, confessed judgment to the plaintiff, Robbins, for the amount of the principal sum due by said note, with interest and costs of suit, reserving the right of appeal ; and judgment was regularly entered up and signed by the plaintiff's counsel. No appeal having been taken by defendants, execution was issued, and after the dismissal of a former bill and injunction enjoining the plaintiff, upon demurrer, the present one was filed, and the injunction granted and served on the plaintiffs.

The bill, after reciting the facts of giving the note, the institution of the suit thereon against them, and the confession of judgment by their counsel, goes on to allege, as was stated in their pleas, that the note sued on, was, at maturity, the property of the company at whose office it was made payable; that the said Insurance and Trust Company had become greatly embarrassed, even before the maturity of the note, and their bills were at a discount; that they soon afterwards entirely failed ; that the defendants had tendered the bills of said company, which they had on hand at the time of said note's maturity, but which the company refused to receive; that the plaintiff in error, Field was President of said company, and that on one occasion, while the said action at law was pending, Field offered to receive a part of the amount due by said note, in the bills of said company, provided they would pay the balance in funds equal to specie, at that time; which they refused to do. The defendants also plead the bills of said company as a set-off, and insisted by their bill that their defence ought to be allowed.

They allege, that when they confessed judgment, it was their intention to enter an appeal, and file a bill in equity for the purpose of getting in their defence, &c. That after the confession, the defendant Sutlive was deputed by the other defendants to proceed to the clerk's office at Blakely, to enter the appeal within four days from the judgment of the court; that Sutlive accordingly proceeded to the clerk's office, called upon the clerk with the necessary security, but Holmes, another of the defend-

ants at the time of confession of judgment, having paid the costs and taken a certificate from the said clerk as a pre-requisite to the obtaining of an injunction in said case, and having so informed the clerk, when the said Sutlive called upon him/ to enter the appeal, the clerk supposed that it was an injunction bond which he wished executed, and not being well versed in the forms and requisites of such bond, requested the said Sutlive to return home and get one of the attorneys to draw the bond, and send it down afterwards, stating that that would be all sufficient; and the said Sutlive being ignorant of the necessity of entering an appeal in the case, though sent for that purpose, returned home without entering the same; which was unknown to the residue of the complainants until the time for entering the said appeal had elapsed.

The bill was demurred to on the following grounds:

1st. That said bill and injunction is the same in substance as the one which was dismissed upon demurrer, and between the same parties, and contains no new equitable matter of defence from that contained in said bill, which was returned to the last term of the Court, and which was demurred to and dismissed upon argument of said demurrer; and the order of the Court is upon the records of said Court dismissing said bill, and ordering the sheriff to raise the money on the execution which was attempted to be enjoined by said bill.

2nd. That there is no equity contained in said bill, whereon the court of equity can grant relief.

3d. That the complainants had a full and adequate remedy at common law.

4th. That there was a confession of judgment in the action at common law by the complainants' counsel, and judgment entered and execution issued thereon, which is attempted to be enjoined by said bill, and that there was no appeal from said confession of judgment; and that complainants failed or neglected to avail themselves of their defence at common law; a court of equity cannot and will not now set aside a solemn and formal judgment of a court of competent jurisdiction, except for fraud, accident, or mistake, which is not pretended, or attempted to be charged, in said complainants' bill.

5th. That a court of equity will not intercept or enjoin a mandate of a court of common law, when there is a common law rem-

Robbins and another *vs.* Mount, adm'r. and others.

edy; nor compel the plaintiff to receive any other money in payment of a *fieri facias* but constitutional currency.

Whereupon, after argument of counsel, the Court below overruled the demurrer and sustained the bill. To which decision of the Court the counsel for the plaintiffs in error excepted.

John Schley for the plaintiffs in error, *ex parte ;* no counsel appearing for the defendants.

The points to be made in the above stated case are, that the Court below erred in overruling the following gronnds of demurrer in said case, to wit :

1st. That it is the same bill and injunction in substance, and between the same parties, and contains no new equitable matter, from that contained in a bill which was returned to the last term of the said Court, and which was demurred to and dismissed, upon argument of said demurrer ; and the order of the Court is upon the records of said court dismissing said bill, and ordering the sheriff to raise the money upon the execution which was attempted to be enjoined by said bill ;

2nd. That there is no equity contained in said bill whereupon a court of equity can grant relief;

3d. That the complainants had a full and adequate remedy at common law ;

4th. That there was a confession of judgment in the action at common law, by the complainants' counsel, and judgment entered thereupon and execution issued, which is attempted to be enjoined by said bill, and that there was no appeal from said confession of judgment; and that complainants failed or neglected to avail themselves of their defences if they had any, at common law ; and a court of equity cannot and will not now, set aside a solemn and formal judgment of a court of competent jurisdiction, except for fraud, accident or mistake, which is not pretended, or attempted to be charged, in said complainants' bill ;·

5th. That a court of equity will not intercept nor enjoin a mandate of a court of common law, when there is a common law remedy ; nor compel the plaintiff to receive any other money in payment of a *fieri facias* but constitutional currency.

To support the above points the plaintiffs' counsel in error rely upon the following authorities, to wit ; *The Statutes of the State of Georgia of* 1811 *and* 1842 ; *King* vs. *Wilson,* 2 *Campbell* 5 ; *Ball.* vs. *Allen,* 15 *Mass. R,* 433 ; 25 *Wend. R.* 411 ; 15 *id.* 640 ; 5 *id.*

494; 1 *Kelly R.* 306; 2 *id.* 134; 1 *Murphy R.* 10; 1 *Story Eq.* 117 *to* 120, 159, 160, 161; 4 *John. Ch. R.* 569; *Foster & others* vs. *T. M. Wood*, 6 *John. Ch. R.* 87; *Lansing* vs. *Eddy*, 1 *John. Ch. R.* 49, 51, 320; 3 *John. Ch. R,* 351 *to* 357; 1 *id.* 543, 91, 99.

*By the Court.*—WARNER, J. delivering the opinion.

This was a bill filed by the defendants in error, to be relieved against a judgment at law obtained against them by one of the plaintiffs in error, Nathaniel C. Robbins.

There was a demurrer to the bill, in the Court below, for want of equity, which demurrer was overruled by the Court; whereupon the plaintiffs in error excepted, and now assign the same for error here.

Have the complainants by their bill made such a case as will entitle them to be relieved against the judgment at law, according to the rule established by this court, *Bostwick* vs. *Perkins, et al.*; 1 *Kelly R.* 130; and in *Stroup* vs. *Sullivan & Black*; 2 *Kelly R.* 279? We think not. In both these cases we distinctly recognised the doctrine, that when a judgment has been rendered against a party by a court of competent jurisdiction, it fixes his liability to pay it, unless he can show that he had a good defence at law, of which he was entirely ignorant while the suit at law was pending against him, or unless he was prevented from availing himself of his defence, by fraud, or accident, or the act of the adverse party, *unmixed with negligence or fault on his part;* that he is bound to *full diligence;* that his *neglect* in one court will not be allowed to give him a right in that court, or another; that whenever a suit is instituted against a party, it is his duty promptly to defend it, if he has any defence to make, at the proper time, and in the proper manner; and, if he fails to do so, and judgment is rendered against him in consequence of his *negligence*, a court of equity has no power to relieve him.

What is the defence of the defendants to the judgment at law? They desire to plead as a set-off to the plaintiff's demand, the bills of the Southern Life Insurance and Trust Company. What is the ground of their application to a court of equity to enable them to make this defence, as stated in their bill of complaint? Why that they confessed judgment on the first trial for the full amount of the plaintiff's demands, reserving the right of appeal; that after the confession of judgment, Sutlive, one of the defendants,

was deputed by the others, within the four days allowed for entering the appeal, to enter the same in the clerk's office.   When Sutlive called on the clerk to enter the appeal, the clerk *supposed* it was an injunction bond which he wished executed, and not being well versed in the forms and requisites of such bond, requested the said Sutlive to return home and get one of the attorneys to draw the bond and send it down, afterwards stating, that would be all sufficient; and the said Sutlive being *ignorant of the necessity of entering an appeal in the case, though sent for that purpose, returned home without entering the same,* which was unknown to the other defendants until the time for entering the appeal had expired. The allegation amounts to this, stript of all the drapery thrown around it by the draughtsman of the bill, that the other defendants intrusted Sutlive, their co-defendant, to enter the appeal, and he being *ignorant of the necessity of entering an appeal in the case, though sent for that purpose, failed, and neglected to do so.*   Whose fault was it that the appeal was not entered?   Can it be said that the failure to enter an appeal was *unmixed with negligence or fault* on the part of the defendants to the judgment at law?   We apprehend not, and therefore the judgment of the Court below must be reversed.

Judgment reversed.