4    175
119   894

4    175
121   761

No. 20.—A. BELLAMY & Co., plaintiffs in error, *vs.* ALEXANDER WOODSON, defendant in error.

[1.] A suit is pending against a bankrupt, at the time of his discharge, upon a debt proveable in bankruptcy. *Held,* that the bankrupt must plead his discharge in bar, if the condition of the suit is such as to permit him to make such a defence; and if he fails to plead it, a Court of Equity will not annul the judgment rendered against him, and thus make his discharge available.

[2.] Equity will interfere to set aside a judgment rendered by a Court of competent jurisdiction, only in cases where the defendant has a good defence of which he was entirely ignorant—or where he was prevented from making it

by fraud, or accident, or the act of the other party; unmixed with negligence or fault on his part.

[3.] Where a suit is instituted at law and the defendant suffers a judgment by default, and the plaintiff continues his cause at the second Term, and third and fourth Term, and at the fifth Term takes his judgment, the defendant at no time having filed any plea or answer—Held that these acts do not constitute a fraud in the procurement of the judgment, so as to authorize a Court of Equity to set aside the judgment in favor of a defence, which would have been good if made.

[4.] In such a case, the defendant's ignorance that the suit was pending, when his defence accrued to him, held no ground for Chancery to set aside the judgment.

In Equity. Bill and demurrer. Tried before Judge FLOYD in Pike Superior Court, August Term, 1847.

For the facts of the case and the errors assigned, see the opinion delivered by the Supreme Court.

ALFORD & CUNNINGHAM, for the plaintiffs in error.

ARNOLD, for the defendant in error.

J. Q. A. ALFORD, for the plaintiffs in error, contended—

1st. The bill shows that the debt upon which the plaintiff at law obtained judgment, was contracted before the defendants at law became bankrupts, and was a debt proveable under the commission, and that the discharges and certificates were duly granted. By the Act of Congress in such cases, the bankrupts are fully and completely discharged from all such debts. *Sect.* 4, *Act of Cong.*

2nd. A certificate discharges a bankrupt from a debt accruing before the commission, though judgment thereon be not obtained until after the certificate is allowed. *2 Com. Dig.* 146, *in note referring to* 1 *Cowper,* 25.

3rd. Bankrupt entitled to relief on payment of costs where he had obtained his discharge during the pendency of the suit, and afterwards suffered judgment by default to be entered against him for not pleading, on which execution was issued. *Law Reporter, August No.,* 1847, *case of Lee vs. Phillips.* 6 *Hill's New York Reports,* 246.

4th. If, in fact, another continuance had intervened between the certificate of bankruptcy and the plea of defendant as a plea

*puis darrien continuance,* the Courts in England and here have permitted the defendant to plead it, *nunc pro tunc,* on payment of costs. *Wood vs. Wood,* 9 *John. Rep.* 256.   1 *Chitty's Plead.* 637.

5th. By the demurrer the defendant in the bill admits the facts to be true as therein stated. The bill charges the continuances of the cause at law to have been unauthorized, and fraudulent, and in violation of the law and rules of practice. It was by those continuances that judgment was delayed until after the granting of the certificate. The judgment was therefore obtained against, and the complainants were entitled to relief. 1 *Mad. Chan.* 300. *Fonb. Eq. top page* 27, *in note.*

6th. A Court of Equity will grant relief when one party has taken an unconscientious advantage of another, though the circumstances do not amount to fraud in the contemplation of a Court of law.   2 *Com. Dig.* 613, *referring to Lyon vs. Talmadge,* 14 *John. Rep.* 501.

7th. Equity interferes where a verdict has been obtained by fraud, or where a party at law has possessed himself improperly of something whereby he has an unconscientious advantage.   8 *Com. Dig.* 63.

8th. By the Judiciary Act of 1799, *(Prince's Digest,* 421,*)* no cause can be continued more than once at the instance of the same party, and, by the rules of Court, good cause must be shown for that one continuance. In the absence of defence there can be no good cause for continuing an action on a promissory note. The legal presumption, therefore, is, that in such a case judgment has been taken, consequently no negligence can be imputed to complainants.

9th. Complainants were deceived by the illegal act of the plaintiff at law, and therefore were, under the decision of the Court below, entitled to relief.

10th. Admitting that the certificate does not discharge a debt upon which judgment has been obtained after the certificate was granted, though such debt may have been proveable under the commission, complainants were still entitled to relief, because it appears they were deceived by the act of the adverse party or plaintiff at law, by his not taking a judgment at the proper time.

*By the Court*—NISBET, J. delivering the opinion.

The complainants in the bill, who are the plaintiffs in error here, invoke the power of a Court of Chancery, to annul a judgment rendered against them by a Court of competent jurisdiction, and perpetually to enjoin an execution issued thereon. They made default at the first Term of the suit upon which judgment was had—at the second, which was the judgment Term, the plaintiff continued the cause—so also at the third Term. At the fourth Term no action was had in the cause, and at the fifth Term the plaintiff took his judgment, there having been no plea or answer filed by the defendants at any time. Pending the action, and as much as one Term anterior to the judgment, the defendants were discharged under the late Bankrupt Law of Congress. The bill charges that the plaintiff in the original action continued his cause fraudulently, with a view to obtain his judgment after the discharge—that the defendants having suffered a judgment by default, having at no time filed any defence, presumed that the judgment had been taken at the Term at which regularly it might have been taken, and therefore they did not plead their discharge. There are no facts stated in the bill upon which the charge of fraud is predicated, but the continuances and postponement before detailed. Claiming, then, that by the wrongful and fraudulent act of the plaintiff, they were prevented from making what would have been an available defence, they come into Chancery seeking relief from the judgment, and the benefit of their discharge by the Bankrupt Court, under the Act of 1841. Such is the case the record discloses. The bill was demurred to and dismissed on the demurrer—the Court below holding that the complainants had a good defence at law, of which they were cognisant, and of which they might have availed themselves, but did not; and, therefore, there was no equity in the bill. To this ruling they except.

[1.] In the argument, it was contended that it was not necessary that the complainants should have plead their discharge—that admitting that they could have plead it and did not, yet a Court of Chancery will give effect to it, against a debt which was proveable in bankruptcy, although not in judgment until after the discharge. That this defence is different from all others, in this, that it releases the bankrupt absolutely from all such debts; and that

Courts of Common Law and of Equity are bound at all times to recognize and make it available. Although the pleadings do not seem to us to make this point, yet it is entitled to our considera-tion. Upon this point and upon the ground upon which the Court below sustained the demurrer, it is impossible for this Court to entertain a doubt.

[2.] First, then, we say, that the discharge of these defendants, as bankrupts is declared by the Bankrupt Law of the United States " a full and complete discharge of all debts, contracts and other engagements of the bankrupt which are proveable under this Act," in all Courts of Justice. And the discharge and certificate is made conclusive evidence in favor of the bankrupt, unless it is impeached for some fraud or wilful concealment by him of his property or rights of property, contrary to the provisions of the act, on prior reasonable notice specifying in writing such fraud or concealment. Thus is the discharge, unless impeached, made an available defence,—and that too in *all Courts,*—and therefore as much a defence to a suit pending in the Inferior Court of Pike county, as in any other Court. I believe it has not been any where claimed that the State Courts, in a cause within their jurisdiction, have not jurisdiction of this defence. But the Act of Congress goes farther, and declares that the certificate and discharge " shall and may be pleaded as a full and complete bar to all suits brought in any Court of Judicature whatever." The right to plead, we therefore consider, as put beyond all controversy. But it is not only the right of the bankrupt to plead, but it is his duty to plead his certificate in bar of all suits pending against him at the time it is granted, or instituted afterwards; provided, in the case of a suit pending, the situation of the suit is such as to enable him to set up the defence.

In our judgment, the Congress of the United States intended to make the bankrupt's discharge a complete defence, when not set aside for fraud upon notice, in all the Courts of the States holding jurisdiction of a suit against the bankrupt, yet amenable to those rules of pleading which obtain in such Courts; and amenable also to those principles of law regulating the jurisdiction of the Courts of Common Law and of Chancery in the several States where the cases may occur. That is to say, it must be properly pleaded, and the Courts of Chancery have no more right to interfere to annul a judgment in order to give availability

to this défence, than they have to set aside a judgment in favor of any other defence. In accordance with these views, a case has recently been determined in the Chancery Court of the State of New-York. In that case Chancellor Walworth says, "Where a suit is commenced against the bankrupt subsequent to his discharge, it is his duty to set up his discharge as a defence, so as to give the adverse party an opportunity to impeach it for fraud, if he wishes to do so. He must also set up his discharge in a suit which is pending against him at the time it is obtained, as a bar to the further continuance of that suit to obtain satisfaction of the debt of him personally, or out of his future acquisitions; provided, the situation of the suit is such as to enable him to set up such a defence in that suit." *Alcott vs. Avery,* 1 *Barbour's Ch. Reports,* 349. *Gordon's Digest Laws U. S. page* 795. 1 *Johns. Cases,* 133. 2 *Caines' R.* 102. 18 *Johns. R.* 336. Does this case come within the proviso? Was the situation of this case such at the time of the discharge, as to enable the defendants to set up this defence? We think it was. The suit was pending—the discharge was granted *anterior* to the Term at which the judgment was rendered. It was competent for the defendants to come in at that time and plead the discharge, *puis darrien continuance.*

[3.] Having thus disabused this case from peculiarity of doctrine, which the counsel supposed grew out of the Bankrupt Laws, I come now to enquire whether the complainants have made such a case as entitles them to relief against a judgment in a Court of Equity. There is in the bill a sweeping charge of fraud upon the plaintiff in the Common Law action, and counsel seemed to think, that as the demurrer admits all the statements in the bill to be true, and as fraud in procuring a judgment is good ground for relief in Equity, *therefore* these complainants are entitled to relief. But note—the demurrer admits the *facts* stated in the bill as true, but does not admit a fraud charged, except so far as the facts establish or constitute a fraud. A merely *pro forma* statement that the judgment was obtained by fraud will not do. The facts must be stated, that the Court may judge whether they amount to fraud or not. Fraud upon the defendants, then, in the obtainment of this judgment, is one ground upon which they rely to sustain this bill. Now, what is the evidence of fraud, according to the bill itself? First, the failure to take a judgment at the second Term—second, two continuances by the plaintiff—third,

Bellamy & Co. *vs.* Woodson.

no action in the case at all at a subsequent Term—and fourth, the actual taking of judgment.   These things constitute the fraud. In short, the postponement of a cause is charged upon the plaintiff as a fraud upon the defendant.   These acts do not seem to us to be illegal—they must have been done with the approval of the Court.   It is true that at Common Law the plaintiff is entitled to but one continuance as matter of right, and that, upon a proper showing; yet, if the defendant makes no objection—if he is in default—the plaintiff is left to control his cause, subject, however, to the paramount control of the court.   So also the Court may continue a cause, upon its own motion, where neither party objects. Such we are to presume was its action at the Term at which there was no entry in the cause.   In all these things we are to presume that the Court did its duty.   Besides, the defendants could have compelled the plaintiff to take his judgment in due course by appearing and answering.   They did not do so, and they have no right to complain of that which is the result of their own negligence.   These facts, in our judgment, do not constitute fraud in the plaintiff in the obtainment of the judgment.

[4.] It is not pretended but that the defendants knew of their defence.   The excuse for not making it is, that having suffered judgment to go by default against them—having previously to their discharge set up no defence to the action—they were entirely ignorant of its progress, and that it was still pending, and supposed that the judgment had been rendered.   This may be, doubtless is, true, as matter of fact, but does not so excuse them as to justify a Court of Equity to interfere and relieve them. They had been served—they knew that the suit had been instituted.   The pendency of the suit was notice to them : they had access to the records of the Court.   It was their business to know whether the suit had not been finally closed.   They show no diligence, but on the contrary gross negligence.   The question as to the power of a Court of Chancery to open or annul a judgment at law, has frequently been before this Court.   In *Stroup vs. Sullivan & Black*, we say, " It [the judgment] fixed the liability of the defendant to pay it, unless he can show he had a good defence of which he was entirely ignorant—or unless he was prevented from availing himself of his defence by fraud, or accident, or the act of the adverse party, *unmixed with negligence or fault on his part*." Say, then, that the defendants (for the sake of the argument) were

prevented from making their defence in this case by the acts of the adverse party, yet there is no pretence for saying that there was no *mixture of negligence or fault* on their part. 1 *Kelly*, 136. 2 *Kelly*, 279.　2 *Kelly*, 329, *and authorities cited in these cases.*

Let the judgment of the Court below be affirmed.