*Jordan & Moore,* for plaintiff.

---

## CITIZENS BANK OF LUDOWICI *et al. v.* TODD *et al.*

1. "Where a judge has finally passed on the merits of a motion for new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, . . no question as to these matters shall be entertained by the reviewing court unless first raised and insisted on before the trial judge.".

2. The court did not err in overruling the demurrer to the petition as amended.

3. While there were some inaccuracies in the charge on the question of usury, which was not involved in the case, the court did charge with' substantial correctness the law as to whether the verdict sought to be set aside was based on fraud.

4. The verdict is supported by evidence, and the court did not err in overruling the motion for new trial.

No. 2214. MAY 10, 1921.

Equitable petition. Before Judge Sheppard. McIntosh superior court. July 20, 1920.

U. G. Todd and four other plaintiffs named Mobley brought an equitable petition against Citizens Bank of Ludowici (hereinafter called the bank) and others, seeking to enjoin the enforcement of a certain fi. fa. issued from the county court of Liberty county against Todd and the others as indorsers, for $308 principal, etc. The petition alleged substantially as follows: On January 1, 1912, Todd, desiring to borrow the sum of $300, procured the loan from the bank upon the condition that he execute a note therefor, secured by the signatures of the four Mobleys; and a note was prepared by the cashier of the bank for the sum of $308, due three months after date. The note was signed by Todd and the four Mobleys. Before the note became due Todd sold to J. M. Cameron the interest he had in a certain sawmill business, whereby Cameron became indebted to Todd in the sum of $300; but before making the sale Todd went to the bank and asked if the note of Cameron would be accepted in the place of the note signed

by himself and the four Mobleys, which the bank by its officers and agents readily consented to do. Whereupon Todd took the note of Cameron as maker and O. D. Jefferson as security and presented the same to the bank in the place of the note described above, which was accepted by the bank with the further statement that Todd would be required to pay the accrued cost and interest, which it was agreed to do. The note was drawn by J. R. Rimes, cashier of the bank, for the sum of $300, and was dated June 4, 1912, and due six months after date, with interest from date at the rate of eight per cent. per annum; and the note was executed by Cameron and Jefferson and delivered by Todd to the bank " in full settlement of the note your petitioners had signed, except the sum of $17.00 as interest thereon at the rate of 12 per cent. per annum, which the said U. G. Todd, one of these petitioners, agreed to pay." Plaintiffs thought that the original note was thus paid, until December 25, 1913, when they were served by the bailiff of the county court with copy of suit filed on the note, with the name of W. C. Hodges signed thereto as attorney at law for the bank. Immediately after the service Todd, one of the plaintiffs, and the maker of the note sued upon, called upon the bank through its then attorney, W. C. Hodges, to know why it was that suit had been brought upon a note that had been settled; and the counsel of the bank told Todd that the note in question had in fact been settled except for the sum of $17 as interest due thereon. Not being willing to accept this statement of Hodges as settlement, Todd went to the office of S. B. Brewton, then judge of the county court, and told him of the conditions; whereupon Brewton advised him to pay the $17 as interest and get rid of it, and he did go to J. M. Cameron and get an order from him upon one C. J. McDonald for the sum of $17, which Todd took to the bank, and the same was accepted by the bank in full settlement. Plaintiffs, believing that the note, principal and interest, although usurious, had been in fact paid, did not appear at the January term, 1914, of the county court to answer the suit, although they had a good and valid defense; whereupon default was entered, but plaintiffs had no notice of such entry. At the April term, 1914, of the court the counsel then and now of the bank in open court made the statement, when the case was called in its order, that " the case had been settled all but a small item of cost some-

thing like $17.00, and asked that the case be passed for settlement," which was granted by the court. Plaintiffs, believing that the case had been in fact settled, did not appear, and did not know until long after that the same had not been marked settled. Notwithstanding the fact that a note had been accepted as principal, and an order for the interest, counsel for the bank appeared at the July term, 1914, and asked for judgment against each of plaintiffs, which was granted by the court. The bank then held, and still holds, in so far as plaintiffs know, the note and draft given in settlement of the case. Plaintiffs did not know of the judgment until long after the same had been rendered and the officer was seeking to levy the fi. fa. It is charged that the several acts and conduct of the bank, its agents, servants, attorney, and employees, constituted a fraud and imposition upon plaintiffs. Todd had a valid defense of usury; and the note containing a contract to waive the right of homestead, and being usurious, the waiver was voided, thereby releasing each of the Mobleys, who were only indorsers or sureties, and did not know of the secret usury contained therein until long after the judgment had been rendered, which usury increased their risk. They were misled by the statements made by the agents, officers, and counsel of the bank, and were made to believe that the case was settled, and they were thereby prevented from filing their defense, which they have every right to believe would have been sustained. On account of the misrepresentations of the agents, servants, and employees of the bank judgment was allowed to be had against plaintiffs, and they are remediless at law; and in order to avoid a multiplicity of suits and to protect their several interests they are forced into a court of equity. On August 9, 1915, the deputy sheriff levied the execution issued from the judgment upon a certain described 75 acres of land as the property of F. J. Mobley, one of the plaintiffs, and the same is now being advertised for sale. Without the aid and interposition of the court of equity an irreparable injury will be done to the plaintiffs, and especially F. J. Mobley, whose home will be sold. Plaintiffs amended their petition by alleging that in all transactions, conversations, matters and things mentioned and referred to in the petition, wherein it is alleged that Todd, one of the plaintiffs, did or said anything in connection with said transactions, he was acting for himself and for and in behalf of each of the

other plaintiffs named therein and as their authorized agent. There were several other minor amendments. The prayer of the petition was that the execution and judgment be declared void, and that the sheriff and his deputies and successors be enjoined from further levying or advertising for sale and from selling the property now levied upon, or from levying on any other property of plaintiffs, until further order of the court. The defendants both answered and demurred to the petition. On the hearing of the demurrer, plaintiffs having amended their petition, the demurrer was overruled, and the defendants excepted. The case proceeded to trial, and a verdict for the plaintiffs was rendered. A motion for new trial was overruled, and the defendants excepted.

*Charles M. Tyson* and *W. C. Hodges,* for plaintiffs in error.

*Edwin A. Cohen* and *S. B. Brewton,* contra.

HILL, J. (After stating the foregoing facts.)

1. The certificate of the trial judge to the amending grounds of the motion for new trial was in the following language: "The above and foregoing grounds for amended motion for new trial read and allowed. Ordered filed as part of the record in said case." No motion was made here to exclude the amended grounds of the motion from consideration because of the failure of the judge to approve them. But it is argued in the brief of the defendants in error that the amended grounds of the motion for new trial should not be considered, because they were not approved by the trial judge. They base their argument on the cases of *Long* v. *Scanlon,* 105 *Ga.* 424 (31 S. E. 436) ; *Merritt* v. *Merritt,* 113 *Ga.* 569 (3) (38 S. E. 973). In those cases it was held that where the trial judge had simply "allowed" the amended motion for new trial, the word "allowed" was not equivalent to an approval of the amended grounds of the motion for new trial. Section 3 of the act of 1911 (Acts 1911, p. 150) provides that "Where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, . . no question as to these matters shall be entertained by the reviewing court, unless first raised and insisted on before the trial judge." It appears from the record that the judge passed upon the merits of the grounds of the amended motion for a new trial. It does not appear from the record that any question as to the

sufficiency of the approval of the amending grounds was raised and insisted upon before the trial judge. The act of 1911, supra, is therefore controlling, and we can not refuse to consider the amended motion for new trial, as insisted. The question here involved differs from that class of cases where it is held that the certificate of the judge amounts to a disapproval of the grounds of the motion for new trial. See *Mims* v. *Mims,* 151 *Ga.* 330 (106 S. E. 279).

2. Under the foregoing statement of facts the court did not err in overruling the demurrer to the petition. Properly construed, the petition sets out such a cause of action as is relievable in a court of equity. If it is true as alleged (and it must be so taken on demurrer), the plaintiffs owed a note at the bank, and the bank agreed to accept another note executed by other persons in lieu of the original note and in settlement of it, except the interest, which was also settled, according to the allegations, by the acceptance of an order on a third person in payment of the interest; and if, after having accepted the note and the order, the bank sued upon the original note for the full amount, which is alleged to have been paid except the interest, and pending the suit the attorney and agents of the bank accepted the order in payment of the interest and agreed in open court to pass the case until the next term in order to perfect such settlement, then, if subsequently the bank took judgment against the plaintiffs for the full amount of the first note with interest, and execution was issued thereon without notice to the plaintiffs, who had relied in good faith upon the promise of the bank and its officials that the whole indebtedness had been settled and paid, such action on the part of the bank and its officials would be such a fraud upon the plaintiffs as would be relievable in a court of equity. This being so, the court did not err in overruling the demurrer to the petition.

3. The amended motion for new trial complains of certain charges of the court and failure and refusal to charge. While there are some inaccuracies in the charge involving the question of usury, nevertheless the court did submit to the jury with substantial correctness the question as to whether the verdict was based on fraud. The question of usury should not have been injected into the case. The question as presented by the pleadings was whether the verdict should be set aside for fraud; the question as to

usury was not properly before the jury, and the verdict will be construed as merely setting aside the other verdict which is attacked in this case on the ground of fraud. This is so because some of the plaintiffs to this case did not set up that plea, and the finding in the present case is a finding in favor of all the parties plaintiff.

4. Certain grounds of the amended motion for new trial complain that the court erred in admitting certain evidence over defendants' objection; but it does not affirmatively appear what objection, if any, was made to the admissibility of the evidence on the trial of the case in the court below. The assignments are merely in the form of stating certain facts in connection therewith, and therefore are not such assignments of error as can be considered by this court.

5. The other assignments of error are without merit.

6. The verdict is supported by evidence, and the court did not err in overruling the motion for new trial.

Judgment affirmed. All the Justices concur.