WILLIAMS *v.* HALL, administrator, *et al.*

HAWKINS, Justice. The only assignment of error contained in the bill of exceptions in this case is that the trial court erred in dismissing, on motion of the defendants, the motion of the plaintiff to vacate and arrest a previous judgment of the court dismissing her motion for a new trial. *Held:*

1. Whether a timely motion to vacate and arrest a judgment will be granted is a matter within the legal discretion of the trial judge, which will not be controlled unless manifestly abused. *Glenn* v. *Glenn,* 152 *Ga.* 793 (111 S. E. 378); *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39); *Ingalls* v. *Lamar,* 115 *Ga.* 296 (41 S. E. 573); *Hurt Building Inc.* v. *Atlanta Trust Co.,* 181 *Ga.* 274 (182 S. E. 187); *Cofer* v. *Maxwell,* 201 *Ga.* 846 (41 S. E. 2d, 420).

2. It appears from the record in this case that the judgment sought to be vacated and arrested was rendered on December 21, 1950; that the rule nisi on the motion to vacate and arrest that judgment was signed on December 22, 1950, directing the filing of the motion and service thereof on the opposite party, and setting a hearing thereon for January 6, 1951; that this motion to vacate and arrest was never filed in the office of the clerk until after the date fixed for the hearing thereon, and on January 8, 1951. The record shows no order of continuance of the motion, no further order on the motion, and no other action taken thereon until the filing of the motion by counsel for the defendants to dismiss the same, which was presented on May 28, 1951, filed June 21, 1951, and set for a hearing and sustained on July 19, 1951. Under the foregoing authorities and this state of the record, we cannot hold that it was a manifest abuse of discretion on the part of the trial judge to refuse to grant the motion to vacate and arrest the previous judgment, and to dismiss such motion.

3. The record in this case discloses that the original petition was filed November 30, 1948. The case came on for trial on September 26, 1949, and resulted in a directed verdict against the plaintiff, who presented a motion for a new trial on September 28, 1949. This motion was set to be heard on October 15, 1949, but was not heard at that time, and no order was then taken continuing the hearing to any other date. Subsequently, on January 31, 1950, an order was passed, which was consented to by counsel for all parties, setting the hearing on the

motion for a new trial on March 16, 1950. The motion for a new trial was not heard at that time, and no order was then taken continuing it to any future date. On October 21, 1950, an order was passed setting a hearing thereon for November 16, 1950, counsel for the parties agreeing to the time and place. The motion for a new trial was not heard on the last-mentioned date, and no order was then taken fixing any other time for a hearing thereon. While the order on the motion for a new trial provided that the movant shall have until five days before the hearing, whenever it may be, to prepare and present for approval a brief of the evidence, which brief of evidence "may have the approval of the undersigned entered thereon at any time, either in term or vacation, and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined," the record fails to disclose that any brief of evidence has ever been presented or tendered by the movant for approval by the trial judge. On December 15, 1950, counsel for the respondents moved in writing to dismiss the motion for a new trial, rule nisi was issued thereon setting that motion for hearing on December 21, 1950, and' on that date this motion was sustained and the motion for a new trial was dismissed, whereupon there followed the motion to vacate and set aside, with the results pointed out in the preceding headnote. We think it not amiss to call attention to the fact that the handling of litigation in the manner disclosed by the record in this case brings upon both the courts and the legal profession justifiable criticism for the long delays which sometimes occur in the administration of justice.

*Judgment affirmed. All the Justices concur.*

No. 17600. ARGUED SEPTEMBER 12, 1951—DECIDED OCTOBER 10, 1951.

*Nightingale & Liles,* for plaintiff.
*Colon J. Cogdell* and *P. S. Ringel,* for defendant.