39637. COLLIER v. HIRSCH.

DECIDED SEPTEMBER 10, 1962—REHEARING DENIED
SEPTEMBER 26, 1962.

*Houston White*, for plaintiff in error.

*Almon, Clein & Ray, Everett L. Almon, Harvey C. Clein,* contra.

HALL, Judge. 1. This appeal presents the same question that we considered on the former appeal of the case—does the defendant's motion to set aside a default judgment allege facts upon which the relief can be granted? The only factual allega-

tion added by the amendment is that when the plaintiff received the check on December 26, 1960, he intended to retain and cash it. It is not necessary for us to decide whether the plaintiff accepted the defendant's check as an accord and satisfaction on December 26, 1960, because this is a question of the substance of defendant's legal defense, not a question of the defendant's diligence in making the defense. We will assume, however, that the defendant's conclusion of law alleged in the amendment is correct, that the plaintiff accepted the defendant's check as an accord and satisfaction and agreed to dismiss the suit on December 26, 1960, and not to take a default judgment. In the amendment there is still "no allegation of any act by the plaintiff before the judgment was rendered upon which the defendant reasonably could have placed confidence or been assured that plaintiff would not take a judgment against him, or that prevented the defendant from appearing to defend the suit." See *Hirsch v. Collier*, supra, p. 275. Since this essential element is still missing in the amended motion, it is the law of this case that the motion cannot withstand the general demurrer. *Clements v. Hollingsworth*, 205 Ga. 153, 154 (52 SE2d 465). As the trial judge stated in his order sustaining the demurrer, the amendment does not show that the defendant *knew* of any agreement by the plaintiff to dismiss the suit. Having had no assurance from the plaintiff upon which he could *rely* to ignore the pendency of the suit, or any other good reason to be misled, the defendant was not deceived by the plaintiff, and the motion shows a mixture of defendant's negligence with the plaintiff's alleged fraudulent conduct. *Hirsch v. Collier*, supra; *Penn & Watson v. McGhee*, 6 Ga. App. 631 (65 SE 686); *Peacock v. Walker*, 213 Ga. 628, 630 (100 SE2d 575).

2. Even if we assume arguendo that it is not the law of the case that the motion cannot withstand the general demurrer, the result is the same. The gist or gravamen of a motion to set aside a judgment for fraud is the *deceit* which is practiced. *Beavers v. Williams*, 199 Ga. 113, 128 (33 SE2d 343). The fraud for which a judgment will be vacated is actual as distinguished from constructive fraud. *Poole v. McEntire*, 209 Ga. 659, 664 (75 SE2d 20). A wrongful act is not enough; there

must be *reliance* by the movant upon such act to authorize the court to set aside the judgment. *Poole v. McEntire, supra,* p. 663; accord, *Hogg v. Hogg,* 206 Ga. 691, 694 (58 SE2d 403). The plaintiff's silent agreement to the condition that he drop the suit can not be construed as an assurance to the defendant that "lulled him into inaction." *McGinnis v. Scheer,* 182 Ga. 684 (1) (186 SE 804). The "mere failure of a party to disclose to the court or to his adversary matters which would defeat his own claim or defense is not such fraud as will justify or require a vacation of the judgment." *Coker v. Eison,* 40 Ga. App. 835, 836 (151 SE 682).

As we understand it, this is the heart of defendant's present contention that the amendment perfects his cause of action: To excuse failure to plead the defense of an accord and satisfaction, executed unilaterally while a suit on the claim is pending, and containing a condition that the suit be dismissed, it is not necessary that the plaintiff have notice of the agreement to dismiss the suit, even though, to excuse defendant's failure to plead any other defense, he must have notice of and rely on the adverse party's agreement to drop the suit. We think the defendant's attempted distinction is invalid upon authority and reason. According to the opinions of the eminent first Georgia Supreme Court, the emphasis in the rule respecting a litigant's standing to set aside a judgment on account of fraud of the adverse party was that the cause for failing to make a defense was *unmixed with negligence* of the complaining party—*vigilantibus, et non dormientibus servat lex. Bostwick v. Perkins,* 1 Ga. 136; *Stroup v. Sullivan,* 2 Ga. 275, 279 (46 AD 389); *Robbins v. Mount,* 3 Ga. 74, 78, 79; *A. Bellamy & Co. v. Alexander,* 4 Ga. 175, 181, 182 (48 AD 221); *Smith v. Phinizy,* 71 Ga. 641, 643; *Redwine v. McAfee,* 101 Ga. 701, 705 (29 SE 428). "This rule is stern and inflexible. . ." *Pollock v. Gilbert,* 16 Ga. 398, 402 (60 AD 732). This court has no authority to alter the law as it has existed in this State at least since 1846 in courts of equity as well as courts of law. Since the defendant had no knowledge of the alleged accord and satisfaction, his failure to file any defensive pleadings whatsoever was necessarily the fruit of his own carelessness.

It is the law of this case, the law of the State of Georgia, and the law generally throughout the United States, that an agreement not to take a judgment in pending litigation must be explicit and of such character that the complaining party *could rely on it* and remain inactive without being thereby chargeable with lack of diligence in guarding his own interests; otherwise such agreement is not a good ground for setting aside a judgment. 1 Freeman on Judgments 467; 1 Black on Judgments 494; 49 CJS 619, § 334.

If the facts alleged in the motion are true and the check was paid eleven days after the default judgment was obtained by the plaintiff, the defendant's remedy is by way of an affidavit of illegality or bill in equity to show an accord and satisfaction of the judgment. This was conceded by counsel for the plaintiff during the oral argument before this court.

*Judgment affirmed. Bell and Frankum, JJ., concur. Felton, C. J., disqualified.*