### 21878. COLLIER v. HIRSCH.

MOBLEY, Justice. This case is here by virtue of the grant of a petition for the writ of certiorari to review the judgment of the Court of Appeals in *Collier v. Hirsch*, 106 Ga. App. 652 (127 SE2d 859), which was the second appearance of the case originally before that court in *Hirsch v. Collier*, 104 Ga. App. 271 (121 SE2d 318). Reference may be made to the reports of those two decisions for a full understanding of the case.

In *Hirsch v. Collier,* 104 Ga. App. 271, 275, supra, the Court of Appeals held that the motion to set aside the judgment on the ground of fraud did not set forth a cause of action because there was "no allegation of any act by the plaintiff before the judgment was rendered upon which the defendant reasonably could have placed confidence or been assured that plaintiff would not take a judgment against him, or that prevented the defendant from appearing to defend the suit." The original motion, ruled upon in that appearance of the case, alleged that the plaintiff received the check on December 26, 1960, accepted it, retained it in his possession, and later cashed it. In his amendment to the motion, defendant alleged that at the time the plaintiff received and accepted the check he intended to retain the check for the purpose of reducing it to cash at a later date and that he did retain it until he cashed it at a later date. He also alleges by way of amendment that "as a result of the making of said accord and satisfaction on December 26, 1960, by the receipt and acceptance of said check on December 26, 1960, with said endorsement thereon, the plaintiff agreed to dismiss this suit in this court and not to permit a default judgment to be taken thereon." The Court of Appeals held in the decision now under review, *Collier v. Hirsch,* 106 Ga. App. 652, 653, supra, that "the only factual allegation added by the amendment is that when plaintiff received the check on December 26, 1960, he intended to retain and cash it . . . In the amendment there is still 'no allegation of any act by the plaintiff before the judgment was rendered upon which the defendant reasonably could have placed confidence or been assured that plaintiff would not take a judgment against him, or that prevented the defendant from appearing to defend the suit.' . . . Since this essential element is still missing in the amended motion, it is the law of this case that the motion cannot withstand the general demurrer."

We agree with the Court of Appeals that the first-mentioned allegation in the amended motion is the only factual allegation added by way of amendment, for the second-mentioned allegation is most assuredly nothing more than a conclusion of law and is not an allegation of ultimate facts. We further agree that this factual allegation does not supply the element missing in the original motion and it is therefore the law of

the case that the motion cannot withstand the general demurrer lodged against it.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

ARGUED JANUARY 16, 1963—DECIDED APRIL 4, 1963—
REHEARING DENIED MAY 13, 1963.

*Houston White,* for plaintiff in error.

*Almon, Clein & Ray,* contra.

CANDLER, Justice, dissenting. On December 2, 1960, Jack Hirsch sued James T. Collier in the Civil Court of Fulton County for $445.56, an amount allegedly due him by Collier for accounting services. Collier mailed him a check for $50 on December 24, 1960, on the back of which he wrote: "This check to be cashed only if Jack Hirsch CPA accepts it in full settlement and drops his legal action against J. Taylor Collier. . ." Hirsch received the check on December 26, 1960, kept it, and took a judgment against Collier on January 5, 1961, for $445.56 principal, $5.03 interest and $11.50 court costs. On January 16, 1961, Hirsch cashed the check which Collier had mailed him, but before doing so altered it by clipping off the words which Collier had written on the back of it. Hirsch kept the $50—the proceeds of Collier's check, caused an execution to be issued against him for the amounts recovered by the judgment, and garnisheed his bank account. Collier filed a motion in the Civil Court of Fulton County to set aside the judgment rendered against him which alleges all of the facts mentioned above. Hirsch demurred generally to the motion on the ground that its allegations were insufficient to state a cause of action for the relief sought. He also demurred to it specially on several different grounds. His demurrers were overruled by the trial judge and he excepted and sued out a writ of error to the Court of Appeals. That court reversed the trial court's ruling. See *Hirsch v. Collier,* 104 Ga. App. 271 (121 SE2d 318). There the Court of Appeals said: "Defendant contends that his motion pleads facts showing an accord and satisfaction on December 26, 1960, ten days before the judgment was actually taken

. . . and eight days before default judgment could have been taken. The allegations of the motion are as follows: 'That [plaintiff] received said check in due course of mail on December 26, 1960, and did not return said check to [defendant], but accepted same and retained same in his possession, and later cashed same at a time unknown to [defendant] at Herman's, Inc . . . which presented same for payment to [defendant's] bank . . . where same was paid on January 16, 1961.' While from these allegations an inference favorable to the defendant could be drawn that the plaintiff accepted the check on December 26, 1960, the pleaded facts do not support such an inference. It is elementary law in this State that pleadings are to be construed against *and not for* the pleader on demurrer. Therefore, the above allegations cannot be construed to show an acceptance of the offered accord and satisfaction prior to the judgment."

After that decision was rendered, and before the remittitur was made the judgment of the trial court, Collier amended his motion and alleged in substance the following: Hirsch, on December 26, 1960, received and accepted his check for $50 with the above mentioned words written on the back of it, intending at that time to retain it in his possession for the purpose of reducing it to cash at a later date; that he did retain it in his possession until he cashed it; that receipt and acceptance of such check on December 26, 1960, with the aforementioned intention, was at that time an accord and satisfaction of the claim he had sued on; and that Hirsch by accepting and retaining his check on December 26, 1960, under the aforementioned circumstances, agreed to dismiss the suit which he had filed against movant and not to permit a default judgment to be taken against him. The trial judge sustained a general demurrer to Collier's amended motion and dismissed it. The Court of Appeals affirmed his ruling, *Collier v. Hirsch*, 106 Ga. App. 652 (127 SE2d 859) and this court granted certiorari to review the judgment rendered by the Court of Appeals.

As I view the allegations of Collier's amendment, they materially changed his original motion and supplied the facts which the Court of Appeals held were lacking on its first review of the

case; and treating the allegations of the amended motion as true, as must be done for purposes of the demurrer, I think they show that an accord and satisfaction of the claim Hirsch sued on was fully consummated on December 26, 1960. See *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196). And because of Hirsch's alleged reprehensible conduct, I do not think he is in any position to contend that Collier was not diligent in defending the suit which he had filed against him. See *Citizens Bank v. Todd*, 151 Ga. 475 (2) (107 SE 486).

I am authorized to say that Chief Justice Duckworth concurs in this dissent.