43596.   LEITER et al. v. ARNOLD.

ARGUED MAY 8, 1968—DECIDED JUNE 10, 1968—REHEARING DENIED JUNE 28, 1968—

*Marvin O'Neal, Jr., Robert P. Leiter,* for appellants.

*Arnold & Cate, Ross Arnold, William H. Cate,* for appellee.

DEEN, Judge. 1. The brief of evidence in this record on the motion to vacate was prepared from the recollection of the attorney for the defendants and certified as true by the trial judge. Plaintiff contends that it is inaccurate and that he was given no opportunity to be heard on its sufficiency prior to the appeal, but it appears from the certificate of the Clerk of the Civil and Criminal Court of DeKalb County that a hearing has been had on the sufficiency of the brief of evidence since the original record reached this court and that the trial judge over-ruled the motion to amplify or correct it. *Code* § 6-806 requiring the court to certify to the correctness of the brief of evidence has of course been repealed. Where the evidence is not transcribed, under *Code Ann.* § 6-805 (f) in the event of disagreement the court is required to hear the matter, and may direct the clerk to forward a supplemental record either before or after the transmission of the original record to this court. When the parties are unable to agree, the decision of the trial judge is final and not subject to review. *Code Ann.* § 6-805 (g). It follows that the motion of appellee to affirm or remand the case, based on contentions regarding the inaccuracy of the brief of evidence, presents no questions over which we have jurisdiction.

2. It appears from the brief of evidence that the case was placed on the regular civil court calendar for October 9th, and

that when it was called for trial the plaintiff, abandoning his motion to dismiss the counter claim, presented evidence on the merits and received a verdict in his favor. Counsel for the defendants also had a case set for trial in the Superior Court of Fulton County. He informed the secretary of Judge Oscar Mitchell (before whom this case was heard) of this fact, and also requested another attorney to contact the judge, both of which messages he understood to have been delivered. Because of these facts and the fact that the letter of defendant's counsel informed him that the motion to dismiss, rather than the trial, had been set for October 9 it is contended that the trial court erred in refusing to set aside the verdict and judgment.

"Motions based on defects appearing on the face of the record are properly denominated motions in arrest or to set aside judgments, while motions based on matters not appearing on the face of the record are in effect motions for new trial and are subject to all the rules of law governing these motions." *Morgan v. Western Auto Supply Co.,* 102 Ga. App. 648, 650 (117 SE2d 253); *Carolina Tree Service v. Cartledge,* 96 Ga. App. 240 (99 SE2d 703). Under *Code* § 70-208 the court is vested with a sound legal discretion in granting a new trial on grounds not specifically provided for by law. Was the refusal of the trial judge to grant a new trial an abuse of his discretion? Counsel for the defendants was misled by the letter of plaintiff's counsel to the effect that it was the motion to dismiss, not a trial on the merits, which would be heard on October 9. The failure to hear the motion could not hurt the defendants: if the motion were heard and overruled they were in the same condition, and if heard and sustained they would have been in worse. Did the letter amount to fraud committed on the defendants? Fraud must refer to an act upon which the defendants reasonably could have placed confidence or been assured that the plaintiff would not take a judgment against them, or which prevented them from appearing and defending the suit. *Collier v. Hirsch,* 218 Ga. 854 (131 SE2d 105); *Hirsch v. Collier,* 104 Ga. App. 271, 275 (121 SE 2d 318). We are not informed of the particular rules applicable to the order of hearing cases in the Civil and Criminal Court of

DeKalb County, but must on the other hand indulge the presumption that the judge acted in accordance with them. It does appear that the case was placed on the regular jury trial calendar; even if the motion to dismiss had been heard first it does not appear that the trial would have been postponed to another day. Since the notice was only a declaration of intent by plaintiff's counsel to bring the motion on for hearing, and since in any event counsel had no control over when thereafter the case would be set for trial, the defendants could not rely on this notice alone as assurance that the case would not be tried on that date. The efforts of defendants' counsel to contact the trial judge in the interest of a postponement, and the fact that he believed these efforts to have been successful, represent special circumstances which addressed themselves to the court's discretion. Such discretion will not be controlled unless it has been manifestly abused. *Williams v. Hall*, 208 Ga. 430 (67 SE2d 237). The judge himself was apparently not informed either that counsel for the defendants was ill or that he was expected to appear in another court. Since no motion for continuance was made on either of these grounds, he committed no error in proceeding with the trial of the case. Under all these circumstances the judgment denying the motion to set aside must be

*Affirmed.. Jordan, P. J., concurs. Pannell, J., concurs in the judgment.*