## 61779. McDANIEL v. DYKES.

SOGNIER, Judge.

Dykes filed suit on account against Tanner and McDaniel for survey work. The defendants failed to answer and default judgment was entered against them.

Thereafter, appellee filed a garnishment against McDaniel's personal account and a business account in which he had a partnership interest. In order to obtain a release of the accounts, appellant issued a check payable to the clerk of court in an amount sufficient to satisfy the judgment.

McDaniel then filed suit to set aside the judgment against him and sought actual and punitive damages for alleged fraudulent acts of appellee in obtaining the judgment. McDaniel's complaint alleges that Dykes told him that he would not try to collect the judgment from appellant, and in reliance on this statement, appellant did not answer Dykes' suit. Appellant also alleges injury resulting from garnishment of his partnership account, and a conspiracy between Tanner and Dykes to defraud appellant. Dykes denied McDaniel's allegations by affidavit, and moved for summary judgment. Appellant opposed the motion by affidavit. The trial court granted summary judgment in favor of Dykes, and we affirm.

Appellant contends that the trial court erred in granting summary judgment where questions of fact remained with regard to his allegations of fraud, illegal and malicious abuse of process against himself and his partnership, and conspiracy.

"To authorize a court to set aside a default judgment on the ground that it was obtained by fraud practiced by the successful party, the party seeking relief must show that he was prevented from making his defense by said fraud, unmixed with negligence on his

part." *Hirsch v. Collier,* 104 Ga. App. 271 (121 SE2d 318) (1961). Even if a party were to allege fraud on the part of the party obtaining the default judgment, if by proper diligence the defendant could have prevented judgment against him from being entered, the default will not be set aside. " 'If a party have a good defense at law, and from negligence failed to set it up at the proper time, he must take the consequences of his own *laches;* he cannot go into equity to be relieved from the consequences of such negligence.' [Cits.]" *Peacock v. Walker,* 213 Ga. 628, 630 (100 SE2d 575) (1957).

An agreement not to take a judgment in pending litigation must be explicit and of such character that the complaining party *could rely on it* and remain inactive without being thereby chargeable with lack of diligence in guarding his own interests; otherwise, the agreement is not grounds for setting aside a judgment. *Collier v. Hirsch,* 106 Ga. App. 652, 656 (127 SE2d 859) (1962). Where no confidential relationship exists between a plaintiff and defendant, the parties are required to exercise diligence in detecting fraud. *Johnson v. Bogdis,* 205 Ga. 535, 541 (54 SE2d 620) (1949).

The trial court made the following statement in its order denying summary judgment:

"This Court has seen no evidence to prove to its satisfaction that defendant intentionally lulled the plaintiff sub judice into inaction. The petitioner has failed to show that the alleged agreement was sufficiently explicit and of such a nature that he could reasonably rely upon it. *Collier v. Hirsch,* supra. The defendant sub judice denies that the conversation took place or that he relieved petitioner of his obligation to answer. It is clear that the petitioner was negligent in not answering the defendant's claim in the original suit. Further, the petitioner has not shown that such a confidential or fiduciary relationship (Ga. Code Ann. § 37-707) existed between himself and the defendant as would excuse his failure to answer. The court has found no acts 'upon which the [petitioner] reasonably could have placed confidence or been assured that the plaintiff would not take a judgment against [him], or which prevented [him] from appearing and defending the suit.' *Leiter v. Arnold,* 118 Ga. App. 108, 110 [(163 SE2d 235) (1968)]. Assuming arguendo that the alleged statement was actually made it did not constitute that type of representation upon which a prudent person could rely. It was not, therefore, fraud *unmixed* with negligence on the part of this complainant."

We agree with the trial court that where appellant was neither vigilant nor diligent in answering appellee's petition, nor in detecting the fraud, if any, appellee was entitled to summary judgment. See *Mahler v. Paquin,* 142 Ga. App. 582 (236 SE2d 512) (1977), vacated on other grounds, 239 Ga. 645 (238 SE2d 692) (1977), reaffd. 143 Ga.

App. 773 (240 SE2d 185) (1977).

Appellant's claims for damages are predicated on the default judgment entered in favor of appellee, and must necessarily fail since the default judgment will not be set aside for fraud under the circumstances of this case.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 11, 1981.

*M. O. Strickland,* for appellant.
*D. Duston Tapley, Jr.,* for appellee.