·WARREN *v.* OLIVER *et al.* ·

LITTLE, J.   1. In view of the statutory'requirement embraced in section 5527 of the Civil Code, that every bill of exceptions " shall specify plainly the decision complained of, and the alleged error," and of the law laid down in section 5584, that "the Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions," this court has no jurisdiction of a case when it is impossible to discover, either from the bill of exceptions or from it and the record together, upon what ground or for what reason the plaintiff in error alleges that the judgment excepted to is erroneous.   Accordingly, where a bill of exceptions, without in any manner attempting to specify wherein the alleged error consisted, merely states, in general terms, that the court erred in dismissing an appeal, and neither such bill of exceptions nor the record discloses upon what ground or grounds the judgment of dismissal was based, or that the appeal was dismissed without the assignment of any reason for so doing, the writ of error must be dismissed for want of compliance with the above-mentioned statutory provisions.

2. Even if in such a case the writ of error could be entertained, the judgment below would be affirmed, for error is never presumed but must be affirmatively shown to exist; and it is manifest that a bill of exceptions of this kind fails to meet this requirement of the law.   This court, in the absence of any information as to the ground or grounds upon which the trial court dismissed the appeal, would properly assume that its action was based upon one or more good grounds.

*Writ of error dismissed.   All the Justices concurring.*

. *A. G. McCurry, W. L. Hodges*, and *T. L. Adams*, for plaintiff in error.   *J. N. Worley* and *J. P. Shannon*, contra.