## TURNER v. ALEXANDER & ALEXANDER.

Where a bill of exceptions, after reciting that upon the trial of a claim case the court directed a verdict for the claimant, embraced no attempt to assign error other than as expressed in the words:   "Now comes the plaintiff in attachment and excepts to said judgment directing a verdict in said case and assigns the same as error, and for ground of error says that said judge erred in taking said case from the jury and directing a verdict;" and where there is not "enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein," the writ of error must be dismissed for non-conformity with the requirements of section 5584 of the Civil Code, which provides that "the Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions."

Submitted January 29, — Decided February 28, 1901.

Motion to dismiss the writ of error.

*S. B. Vaughn* and *F. W. Capers*, for plaintiff in error.
*H. C. Hammond* and *Hamilton Phinizy*, contra.

LEWIS, J.   Alexander & Alexander filed a claim to the levy of an attachment in favor of D. B. Turner against B. F. Buford, and the issue thus raised was tried in the city court of Richmond county. Upon the trial, after the introduction of evidence, both documentary and oral, in behalf of both parties, the court directed a verdict for the claimant.   The plaintiff in attachment brought the case

here on a bill of exceptions which contains no assignment of error other than that quoted in the headnote to this opinion. A motion to dismiss the writ of error was made by counsel for the defendant in error, upon the ground that the bill of exceptions contained no sufficient or legal assignment of error, and this issue is now presented for our determination. We think that the motion to dismiss was well taken. From an examination of the bill of exceptions and the record, it is conjecturable that a number of questions, both of law and fact, were involved in the trial of this case. An inspection of the briefs of counsel renders it certain that this is so. There is, however, nothing in either the bill of exceptions or the transcript of the record showing, or even tending to show, upon what question the court passed in arriving at its conclusion that a verdict for the claimant should be directed. It is impossible to ascertain that any particular question of law or fact was passed upon, or what view the court entertained of any one or more of the numerous questions upon which the case depended. Section 5584 of the Civil Code declares: "The Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions." Manifestly, the assignment of error now being dealt with was not specific in any sense. This section, however, must be construed in connection with section 5569, which declares that it shall be unlawful for the Supreme Court of Georgia to dismiss any case for want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein. In other words, an assignment of error will be sufficient if this court, viewing it in the light of the record, can ascertain substantially what questions the trial court passed on, and which are sought to be reviewed here; but when neither from the bill of exceptions nor from the record, nor from both together, is it possible for this court to ascertain with reasonable certainty what questions were made in and passed upon by the court below, it has no jurisdiction to entertain the writ of error. The words "made in and passed upon by the court below" are used deliberately and advisedly, because, if the act of 1893, from which section 5569 was codified, intended to confer upon this court power to adjudicate questions not

made by the record, or to require it so to do, it would be to that extent unconstitutional, because in violation of that clause of the constitution which limits the jurisdiction of this court to the correction of errors made in the superior and certain city courts. Construing the act as we do, and treating it as applicable only with respect to questions made in and passed upon by the trial courts, we uphold it. It is susceptible of this construction, which we must place upon it, or else hold it unconstitutional.

The rule here laid down is closely followed in the cases of *Warren* v. *Oliver*, 111 *Ga.* 808, and *Phillips* v. *Southern Ry. Co.*, 112 *Ga.* 197. In the latter case this court, looking to both the bill of exceptions and the record, was able to discover, and did discover, that the assignment of error necessarily meant "that the court erred in adjudging that the evidence demanded the verdict directed," and accordingly decided the question thus made. That was a case in which a verdict was directed for the defendant, no question having been raised, by demurrer or otherwise, as to whether or not the petition set forth a cause of action. It is to be noted that we expressly refrained from passing upon this point, for the simple reason that it was not made. It necessarily followed that the court must have directed a verdict for the defendant, because in its opinion the evidence did not sustain the allegations of the petition. The case at bar, however, is quite different. The bill of exceptions does not disclose what error was made by the lower court. Presumably, numerous questions were raised upon the trial, upon any one of which the court may have based its ruling. In the absence, therefore, of any specific assignment of error in the bill of exceptions, we are compelled to grant the motion of counsel for defendant in error to dismiss the writ of error.

*Writ of error dismissed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*