### 2036.   GREEN *v.* RHODES.

1. The statement of a jurat, that the affidavit to which it is attached was duly sworn to, is only prima facie true.   It is to be presumed in every case that the officer who signed a jurat does his duty.   But the presumption in favor of a properly executed jurat is not conclusive.   The fact as to whether the alleged affiant was sworn or not sworn may properly be inquired into, and the statement of the jurat may be shown to be false.
2. Where it is shown that no oath was in fact administered to one who apparently swore to an affidavit made to foreclose a chattel mortgage, and it does not appear from any statement of the alleged affiant, made at the time he affixed his signature to the alleged affidavit, that he intended expressly to affirm the truth of the statements contained in the affidavit, the mere fact of signing the affidavit, without more, is not sufficient to dispense with the administration of the requisite oath, and the paper thus signed is not a proper substitute for the affidavit required by law.
3. There being no valid affidavit to foreclose the mortgage, the court erred in not sustaining the affidavit of illegality.   The case is controlled by the ruling in *Britt* v. *Davis*, 130 *Ga.* 74.

DECIDED SEPTEMBER 28, 1910.

Affidavit of illegality; from city court of Waynesboro—F. S. Burney, judge pro hac vice.   June 11, 1909.

*Isaac S. Peebles Jr.*, for plaintiff in error.

*Phil. P. Johnston, J. H. Porter*, contra.

RUSSELL, J.   In the court below the plaintiff in error filed an affidavit of illegality to the foreclosure of a chattel mortgage. While there is more than one ground of the affidavit of illegality, only one was insisted upon.   This was to the effect that the mortgage had never in fact been foreclosed, nor any affidavit for foreclosure made, for the reason that what purported to be the affidavit made for that purpose was not really sworn to.   It purported to be the affidavit of F. L. Scales, the plaintiff's attorney, made in Burke county, Georgia, as it appears in the record, and the jurat was signed: Frank S. Palmer, N. P. ex-off. J. P.   On the trial Frank S. Palmer was introduced as a witness by the plaintiff in error, and the record states that he testified "that he was a notary public and ex-officio justice of the peace of Burke county, Georgia, and that

Mr. F. L. Scales came to him in December, 1908, and told Palmer that he had a paper that he wanted Palmer to sign; that Palmer looked at the paper and saw that it was an affidavit for the foreclosure of a mortgage; that F. L. Scales signed it, and that Palmer signed it in his presence; that no oath was administered, nor anything said about the truth of the statements contained in the paper; nothing was said except that he wanted Palmer to sign the paper; Mr. Scales then signed it and the witness subscribed his name to it; witness understood that he [Mr. Scales] was making an affidavit, and that he [Mr. Scales] was swearing to the contents of the paper he signed." The trial judge excluded this testimony, on objection by the plaintiff's counsel, upon the ground that the witness could not be heard to attack his own acts as a judicial officer; and thus the writ of error raises two questions: (1) whether the magistrate could properly testify that what was in appearance an affidavit had not in fact been sworn to; and (2) if the testimony had not been excluded, what should have been its effect?

We are of the opinion that the testimony of the officer who signed the jurat was competent and should not have been excluded. It is insisted that the exclusion of this testimony was proper on grounds of public policy, and as coming within the terms of section 5150 of the Civil Code of 1895, because it would be more unjust and productive of evil to hear the truth (if truth it be) than to forbear the investigation. The case of *Britt* v. *Davis,* 130 *Ga.* 74 (60 S. E. 180), affords at least a precedent (if not authority upon the point) that an investigation may be made into the truthfulness of the statements of a jurat. It is true that in that case it was not the officer who signed the jurat, but the purported affiant, who was the witness. We see no reason why, in the pursuit of truth, there should not be an investigation of the circumstances attending a purely ministerial act, even though he who performs it be a judicial officer. There might be a difference of opinion as to the validity or legal sufficiency of what the magistrate did to accomplish the designed effect, but no moral taint. But even if a magistrate or a judge acted corruptly, we know of no reason why he might not voluntarily testify thereto. If he did not wish to avail himself of the constitutional protection against self-incrimination, and yet wrong had been done, the truth which he alone could divulge might afford the only means of reparation. We have been unable

to find any case in the reports of the Supreme Court in which it has been ruled in express terms that a magistrate may dispute the statements of the jurat; but, as we have already said, the *Britt* case, supra, is a physical precedent authorizing an investigation into the truthfulness of the statements of the jurat; and we see no reason why in such an investigation the magistrate could not be permitted to swear that no oath was in fact administered, as he would be allowed to swear, in sustaining his act, that the witness was duly sworn. In Cox *v.* Stern, 170 Ill. 442 (48 N. E. 906, 62 Am. St. R. 385), it was held that a properly executed jurat or certificate is not conclusive, but may be shown to be false, and if it be shown that the jurat is false, and that no oath was in fact administered, the instrument would not be an affidavit. And in Smith *v.* Johnson, 43 Neb. 754 (62 N. W. 217), it was held that the statement that the affidavit was sworn to might be rebutted. The jurat is not a necessary part of an affidavit. It would seem that the rule which was applied without question in the *Britt* case, supra, to the testimony of the affiant applies to every other person who knows the facts, including the subscribing officer.

The remaining question is sufficiently covered in the headnotes. The case is fully controlled by the decision of the Supreme Court in *Britt* v. *Davis,* supra, in which Justice Lumpkin discusses the subject at length. The illegality should have been sustained.

*Judgment reversed.*