12630

STATE v. HOPKINS

(147 S. E., 595)

*Messrs. Douglas & Douglas,* for appellant,

*Solicitor J. Lyles Glenn,* for respondent.

April 4, 1929.

The opinion of the Court was delivered by Mr. Chief Justice Watts.

Frank Hopkins, the appellant, was indicted at the June, 1928, term of the Court of general sessions for assault with intent to kill and resisting an officer executing a lawful process, was tried at the following September term, convicted, and sentenced to three years' imprisonment. After the adjournment of Court, notice of motion for a new trial on after-discovered evidence was given. The hearing on the motion was on September 12, 1928, and based upon the

warrant and the apparent affidavit supporting the same, and affidavits.

It appears that J. B. Frazier, Jr., upon whose alleged oath the warrant for arrest of the defendant was based, did not appear in person before the magistrate and make or take the oath; but that the same was prepared by the Magistrate, sent to Frazier, and returned to the Magistrate signed by the apparent affiant, but without the affiant personally appearing before the Magistrate.

The date of the trial was the 5th of September, 1928. The warrant was issued the 7th of June, 1928. The after-discovered evidence was that J. B. Frazier, Jr., the apparent affiant, did not personally appear before the Magistrate, John D. Blair, and take the oath of affirmation in the presence of the Magistrate. Neither John D. Blair, the Magistrate, nor J. B. Frazier, Jr., the affiant, was present at the trial.

The grounds for the motion for a new trial appear in the transcript of record.

The Circuit Judge having overruled the motion on the aforementioned grounds, holding that J. B. Frazier, Jr., by signing the affidavit beyond the presence of the Magistrate, and having had it returned to the Magistrate with his signature thereon, ratified it, and "to all intents and purposes it became a good and valid warrant, sufficient to authorize an arrest," his Honor further held: "In view of the fact that the charge went direct to the integrity of the warrant, and in view of the fact that many months had elapsed between the date of the offence and the date of the trial, and counsel had ample opportunity to ascertain the facts upon which the motion is now based, I feel that I am now compelled to hold that he did not exercise that degree of diligence incumbent upon him in the circumstances."

The defendant duly served notice of appeal and case for appeal with exceptions.

The exceptions, eight in number, challenge the Judge's refusal to grant a new trial. Judge Mann winds up his order

as follows: "In view of the fact that the charge went directly to the integrity of the warrant, and in further view of the fact that many months had elapsed between the date of the offense and the date of the trial, and counsel had ample opportunity to ascertain the facts upon which the motion is now based, I feel that I am compelled to hold that he did not exercise that degree of diligence incumbent upon him in the circumstances."

This we agree with; an officer has to see that the arrest warrant is legal, and this applies to the defendant equally.

The exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BLEASE (concurring) : The only question, as I see it, in this case concerns the diligence exercised by the defendant and his counsel to discover the alleged new evidence offered on the motion for a new trial. The Circuit Judge held there was a failure to exercise proper diligence as to this matter. I am unable to see that there was an abuse of the discretion vested in the Circuit Judge, and for that reason I favor an affirmance. I do not think it necessary at this time to go into the question of the right of a peace officer to make a legal arrest on a voidable warrant.

MR. JUSTICE COTHRAN (dissenting) : I think that for two reasons the order refusing the defendant's motion for a new trial should be reversed:

1. The order was, in part at least, based upon an erroneous conception of the law. His Honor held, as stated in the opinion of the Chief Justice, "that J. B. Frazier, Jr., by signing the affidavit beyond the presence of the Magistrate, and having had it returned to the Magistrate with his signature thereon, ratified it, and 'to all intents and purposes it became a good and valid warrant, sufficient to authorize an arrest.' "

It is impossible to say how far this palpable error affected his ruling upon the issue of due diligence on the part of counsel for the defendant.

That the arrest warrant, based upon such an alleged affidavit, was absolutely void, is thoroughly established. 1 R. C. L., 764; 2 C. J., 337, 361; *Green v. Rhodes,* 8 Ga. App., 301, 68 S. E., 1090; *Carnes v. Carnes,* 138 Ga., 1, 74 S. E., 785; *Redwine Bros. v. Jarrell,* 14 Ga. App., 294, 80 S. E., 728; *Sullivan v. First Nat. Bank of Flatonia,* 37 Tex. Civ. App., 228, 83 S. W., 421; *State v. Wimbush,* 9 S. C., 309; *State v. Higgins,* 51 S. C., 51, 28 S. E., 15, 38 L. R. A., 561.

The right to resist arrest against a void warrant is sustained by numerous authorities in South Carolina, and among them may be cited *State v. Bethune,* 112 S. C., 104, 99 S. E., 753; *State v. Dupre,* 134 S. C., 268, 131 S. E., 419; *State v. Wimbush,* 9 S. C., 309; *State v. Sims,* 16 S. C., 486; *Davis v. Sanders,* 40 S. C., 507, 19 S. E., 138; *State v. Higgins,* 51 S. C., 51, 28 S. E., 15, 38 L. R. A., 561; *Florence v. Berry,* 61 S. C., 237, 39 S. E., 389; *State v. Griffin,* 74 S. C., 412, 54 S. E., 603.

The deprivation of this unquestioned right of the defendant should not be adjudicated except upon the clearest grounds.

2. The circumstances I think were ample to justify defendant's counsel in assuming that the warrant was valid. It was so, upon its face. Counsel was familiar with the handwriting of the Magistrate and with that of the alleged affiant. He naturally assumed that Frazier, in the orderly course of events, appeared before the Magistrate, took the oath, and signed the affidavit. As a matter of law, he had the right to make that assumption under the principle that *"omnia rite acta presumuntur."*

I think that the case shows unmistakably that the defendant has been unjustly convicted and should have a new trial.