STATE OF NORTH CAROLINA ON RELATION OF D. L. BOULDIN v.
W. A. DAVIS.

(Filed 10 December, 1930.)

**Elections G b—Jurat of absentee ballots is only prima facie evidence that
voters had sworn thereto and is rebuttable by parol evidence.**

> In an action in the nature of *quo warranto* proceedings to test the
> right of the defendant to hold a municipal office of a city on the ground
> that ballots of absentee voters were cast for the encumbent that should
> have been excluded for the reason that contrary to the jurat on the bal-
> lots the voters thereof had not in fact been sworn, the jurat is but prima
> facie evidence that the ballots had been sworn to by the respective
> voters, which may be rebutted by parol evidence, in this case by the testi-
> mony of those who had cast them. C. S., 5960, *et seq.*

APPEAL by defendant from *Schenck, J.,* at August Term, 1930, of
GUILFORD. Affirmed.

This is an action instituted by the State of North Carolina, on the
relation of D. L. Bouldin, a qualified voter of said State, residing in
Ward No. 2 of the city of High Point, in the nature of a *quo warranto*
(C. S., 870, and C. S., 871), for judgment that the defendant, W. A.
Davis, be ousted and removed from the office of councilman of said city,
from Ward No. 2, and that T. C. Johnston, having been duly elected
thereto, be declared entitled to qualify for said office.

It is alleged in the complaint that the defendant, W. A. Davis, has
usurped the office of councilman of the city of High Point, from Ward
No. 2, and that he now unlawfully holds and performs the duties of said
office, contending that at an election held in said ward, on 7 May, 1929,
a majority of the votes cast at said election, were cast, counted and re-
turned for said defendant, as appears by the return made to the city
council by the registrar and judges of election, whereas in truth and in
fact a majority of said votes were not cast for the defendant, but were
cast and should have been counted and returned for T. C. Johnston, a
resident of said ward, and eligible in all respects for said office.

The defendant in his answer denies the allegations of the complaint,
other than that a majority of the votes cast at said elections were counted
and returned for the defendant, as shown by the return of the registrar
and judges of election. The defendant alleges that he was duly elected
and has lawfully qualified as councilman of the city of High Point for
Ward No. 2, and is now lawfully engaged in the performance of the
duties of said office.

The issues arising on the pleadings, both of law and of fact, were, by
consent, referred for trial to H. M. Robbins.

From the evidence at the hearings before him, the referee found that
at the election held in Ward No. 2, of the city of High Point, on 7 May,

1929, for the office of councilman from said ward, 574 ballots were cast for the defendant, W. A. Davis, and 585 ballots were cast for T. C. Johnston, resulting in a majority of 11 for T. C. Johnston. This finding of fact was made by the referee, by excluding from the number of votes for the defendant and also for T. C. Johnston, as returned by the registrar and judges of election, the ballots of persons who were not residents of Ward No. 2, and of persons who were not entitled to vote an absentee's ballot, because of failure to comply with the statute. The referee concluded from his findings of fact that the defendant, W. A. Davis, was not entitled to the office of councilman of the city of High Point, from Ward No. 2, and that T. C. Johnston was entitled to said office.

The report of the referee, with exceptions filed thereto by both plaintiff and defendant, was heard by the judge. All the exceptions were overruled except certain exceptions filed by the plaintiff pertinent to one vote. These latter exceptions were sustained, and the report of the referee was modified by adding one vote to the total number of votes for T. C. Johnston, as found by the referee. As thus modified, the report of the referee was approved by the judge and duly confirmed.

From judgment (1) that the defendant, W. A. Davis, is not entitled to the office of councilman of the city of High Point, from Ward No. 2, and that said defendant be ousted and removed from said office; and (2) that T. C. Johnston, having been elected thereto by a majority of twelve votes at the election held on 7 May, 1929, is entitled to the office of councilman of the city of High Point from Ward No. 2, and that upon his qualification as required by law, the said T. C. Johnston is entitled to assume the duties and to receive the emoluments of said office during the current term, the defendant, W. A. Davis, appealed to the Supreme Court.

*Hoyle & Harrison and Shuping & Hampton for plaintiff.*
*T. J. Gold, C. W. McAnally and Walser & Casey for defendant.*

CONNOR, J. Defendant's appeal from a judgment in this action overruling his demurrer *ore tenus* to the complaint, challenging the right of the relator to maintain this action, was heard at the Fall Term, 1929, of this Court. The judgment was affirmed, 197 N. C., 731, 150 S. E., 567. The action has since been tried on the issues raised by the pleadings, by a referee, and is now here on the appeal of the defendant from the judgment in accordance with the report of the referee, as modified by the judge. The judgment adverse to the defendant is supported by the finding of fact that at the election for the office of councilman of the city of High Point from Ward No. 2, held in said ward on 7 May, 1929, 586 votes were cast for T. C. Johnston, and only 574 votes were

cast for the defendant, W. A. Davis, the majority for the said T. C. Johnston being 12 votes.

It is conceded by the defendant in his brief filed in this Court that the judgment from which he has appealed must be affirmed, unless, as he contends, there was error in excluding 13 absentee ballots cast at the election for him.  If these ballots were properly excluded defendant, not having received a majority of the votes cast at the election, is not entitled to the office of councilman of the city of High Point from Ward No. 2.  If these ballots should have been counted for him, he was elected by a majority of one, and rightfully qualified for and holds said office.

The validity of the 13 ballots, all of which were cast by absentees, was challenged at the trial before the referee on the sole ground that although each of said ballots was accompanied by an affidavit, showing on its face that the subscriber had been sworn, in truth and in fact such subscriber was not sworn as required by the statute.  C. S., 5960, *et seq.*

Evidence, consisting in each case of the testimony of the voter whose name was subscribed to the affidavit, was offered at the trial to the effect that the subscriber was not sworn by the officer whose name was signed to the jurat.  Defendant contends that this evidence was incompetent, and should not have been admitted over his objection.  The question of law involved in this contention is whether it is competent for a person who admits that he or she signed a paper-writing purporting to be and in form sufficient as an affidavit, to testify, after the affidavit has been accepted as establishing the facts to be as stated therein, that he or she was not sworn.

The jurat of an officer authorized to administer oaths is prima facie evidence of all matters properly stated therein; but it is not conclusive, and extrinsic evidence is admissible to prove that such statements are in fact false.  2 C. J., 367.  In *Green v. Rhodes,* 8 Ga. App., 301, 68 S. E., 1090, it was held that the officer who signed the jurat to an alleged affidavit is competent to testify that the affidavit was not sworn to; and so it must be held that the subscriber to an alleged affidavit is likewise competent to testify that he did not swear to the affidavit.  His testimony is admissible to show that he was not sworn; the jurat on the affidavit is evidence, only, prima facie, to the contrary and therefore subject to contradiction.

There was no error in excluding the 13 ballots cast for the defendant by persons who did not attend the election, but who sought to avail themselves of the privilege of the statute authorizing voters in certain instances to vote as absentees.  *Davis v. Board of Education,* 186 N. C., 227, 119 S. E., 372.  The judgment is

Affirmed.