## TOOMER *v.* HOPKINS.

No. 16235.   JULY 14, 1948.

C. A. Cunningham and V. Eugene Morgan, for plaintiff in error. Anderson, Anderson & Walker, contra.

HEAD, Justice. ■ As authority for his contention that the court erred in overruling the oral motion to strike the first count of the petition, the plaintiff in error relies upon the ruling in the 5th headnote in Watters v. Southern Brighton Mills, 168 Ga. 18 (147 S. E. 87), as follows: "A subsequent petition filed by the party upon whom the service was made by publication, to set aside such judgment, alleging that the party was not in fact a non-resident, but at the time of the suit was a resident of the State of Georgia, was insufficient, there being no allegation that the party obtaining the order knew of such residence within the State, and fraudulently imposed upon the court by misrepresenting the fact as to residence, thereby causing the court to entertain jurisdiction." In her petition to vacate and set aside the judgment against her, Mrs. Watters attached a copy of the petition on which such judgment was rendered. From her pleadings and exhibits it appears: Mrs. Watters entered into a written contract for the sale of lands in this State while a resident of the State of New York. It was provided in the contract that the purchaser had sixty days in which to pay the purchase-money. The purchaser notified her by mail that he desired to pay the purchase-money and she replied by mail that she would "call at her earliest convenience." She failed to comply with her statement that she would call, and upon trying to locate her the purchaser learned that she had moved and left no forwarding address. Two days before the expiration of the date for payment, the purchaser filed an equitable action for specific performance

of the contract in the county where the land was located, and paid the purchase-money into court. The purchaser alleged that Mrs. Watters concealed herself in order to avoid receiving payment. By order of the court service was perfected by publication, and judgment was rendered decreeing title in the purchaser. In the subsequent proceeding to vacate and set aside the judgment, Mrs. Watters alleged (among other reasons for setting aside the judgment) that at the time of the service by publication she was a resident of Fulton County, Georgia. Her petition to vacate and set aside was dismissed on demurrer, and on review in this court the judgment of the lower court was affirmed. The ruling in the *Watters* case, that Mrs. Watters' petition should have alleged that the plaintiff in the original action against her knew of her residence in Georgia, and fraudulently procured an order for service by publication, properly applied the rule as to fraud, since in the original action against her it was alleged that she had concealed herself in order to avoid receiving payment of the purchase-money. The facts of the *Watters* case are not in point in this case, and the trial court properly so held.

In the present case, Mrs. Hopkins does not attach a copy of the proceedings filed against her by Toomer. She alleges in this count, however, that Toomer's petition set out that she was a non-resident (which allegation she denies). No inference appears from the petition that Toomer made any effort to locate or contact Mrs. Hopkins in Florida, or to verify his allegation that she was a resident of the State of Florida. Fairly construed, Mrs. Hopkins' petition alleges that for many years previous to the filing of the action against her, and at the time of its pendency, she was a resident of Bibb County, Georgia, and it does not appear that she, in any way, at any time, concealed herself for the purpose of avoiding personal service upon her in the manner authorized by law for service upon residents of this State.

The Code, § 110-710, provides: "The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." It has been held that judgments of a court erroneously entered should be set aside where the mistake was that of the court, and not that of parties to the litigation. See *Kohn* v. *Lovett*, 43 *Ga.*

179; *Napier* v. *Bank of LaFayette*, 183 *Ga.* 865 (189 S. E. 822). In *Farmers & Exchange Bank* v. *Ruse, Patten & Co.*, 27 *Ga.* 391, it was held that a judgment in attachment would be enjoined where the defendant had a good defense and his failure to plead it was not due to any fault or negligence on his part, but was due to the fault of the plaintiff. In *Brewer* v. *Jones*, 44 *Ga.* 71, it was held that a judgment would be enjoined where a magistrate failed to mark counsel's name on the docket in a case pending before him, and owing to this mistake, a judgment was rendered, and the defendant being ignorant of what had transpired, permitted the time for appeal to elapse. In *Tumlin* v. *O'Bryan & Brothers*, 68 *Ga.* 65, it was held that a bill in equity would lie to vacate a judgment rendered by the court as though the case were in default, when actually there was an issuable plea filed. In *Dollar* v. *Fred W. Amend Co.*, 184 *Ga.* 432 (191 S. E. 696), it appeared that the clerk of the superior court failed to properly number and docket an attachment case, and that attorneys for the defendant were misled into believing that no declaration in attachment had been filed; the defendant had a meritorious defense, and this court sustained the grant of an interlocutory injunction against the execution in such case.

Since the sole objection urged to count one of the petition was that this count should have alleged fraud, the court did not err in overruling the motion to strike.

■ The second count of the petition seeks to set aside the judgment obtained by Toomer against the petitioner, for the reason that the proceeding for specific performance of an alleged contract to make a will was a proceeding in personam, and not such a case as could legally proceed to judgment against a nonresident by constructive or substituted service.

Service may be made by publication on a non-resident claiming an interest in real estate in this State in a case where it is sought to enforce, by decree for specific performance, any contract in reference thereto. Code, § 81-205. In a proceeding where the non-resident is not served personally, and does not waive service, if the relief sought is only such as operates against the person, the court is without jurisdiction to render a decree granting such relief. *Hamil* v. *Flowers*, 133 *Ga.* 216 (65 S. E. 961); *Bank of Floral City* v. *Warnock*, 144 *Ga.* 118 (86 S. E.

249); *Reeves* v. *Tarnok*, 161 *Ga.* 838 (131 S. E. 891). However, under proper allegations and prayers, in a proceeding seeking specific performance, the courts of this State can determine the title of lands within the State in the county where the land lies, although service is had on the non-resident defendant by publication only. *Harris* v. *Palmore*, 74 *Ga.* 277; *Watters* v. *Southern Brighton Mills,* supra; *Sweat* v. *Arline*, 186 *Ga.* 465 (197 S. E. 893).

The petition in this case does not have attached to it any copy of the proceedings in the former case, nor does it show what the prayers were in the former proceeding. The petition to vacate the judgment does not show that the former proceeding was in personam against the non-resident defendant, and the court erred in overruling the demurrers to the second count of the petition.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Bell, J., absent on account of illness.*