KENT *et al.* v. SHANNON, executor, *et al.*

HEAD, Justice. H. L. Shannon, as the duly qualified and acting executor of the will of Lawson Kelley, filed a petition for declaratory judgment for a construction of the will of the testator. The petition named Mrs. Mildred Curry Scott and some twenty-four other persons as distributees under the will. All parties were duly served, but only Mrs. Scott filed a written response. The bill of exceptions recites that the remaining parties "filed no answer and entered no appearance, and have made no motion to open the default," but that, "the parties were present in court at said trial." The bill of exceptions further recites that by agreement of all parties the judge was to pass on the law and facts. The testimony of Mrs. Lacy Simmons, a witness for Mrs. Mildred Curry Scott, is set out in the bill of exceptions. To the judgment of the court construing the will, Remer Kent and Mrs. Ouida Mildred Kelley Boatright, two of the distributees named in the petition, "now except and say that said judgment was contrary to law, was contrary to the manifest intention of the testator and contrary to the rules of law governing the construction of wills." *Held:*

1. Under our statutes and the decisions of this court, the assignment of error in this case presents nothing for review. Code, §§ 6-901, 6-1607; *Warren* v. *Oliver,* 111 *Ga.* 808 (2) (35 S. E. 673); *Turner* v. *Alexander,* 112 *Ga.* 820 (38 S. E. 35); *Cates* v. *Duncan,* 180 *Ga.* 289 (179 S. E. 121); *Greenfield* v. *Harvey,* 191 *Ga.* 92, 95 (11 S. E. 2d, 776); *Lanier* v. *Gay,* 197 *Ga.* 187 (28 S. E. 2d, 579); *City of Douglas* v. *Atlantic Coast Line R. Co.,* 207 *Ga.* 690 (2) (64 S. E. 2d, 63).

2. The rule that a defendant in default may attack a petition which states no cause of action by a motion to dismiss, or a request to charge that the plaintiff is not entitled to recover, and may except to a denial of the motion to dismiss, or a failure to charge as requested (*O'Connor* v.

*Brucker,* 117 *Ga.* 451, 43 S. E. 731), has no application in the present case. The excepting parties here filed no response, offered no testimony, and invoked no ruling by the trial court. They complain only of the judgment construing the will. They fail to show error coupled with injury, and the bill of exceptions must be dismissed. *Cheney* v. *National City Bank of Rome,* 207 *Ga.* 584 (63 S. E. 2d, 360).

*Writ of error dismissed. All the Justices concur.*

No. 17718. ARGUED JANUARY 15, 1952—DECIDED APRIL 15, 1952.

*H. Cliff Hatcher, Harris, Chance & McCracken* and *Gibson & Maddox,* for plaintiffs in error.

*G. H. Mingledorff* and *E. O. Blalock,* contra.