CARSWELL *et al. v.* SHANNON, executor, *et al.*

No. 18100. ARGUED JANUARY 14, 1953—DECIDED FEBRUARY 24, 1953.

*Wm. A. Fuller,* for plaintiff in error.

*G. H. Mingledorff, Memory, Barnes & Memory* and *Blalock & Blalock,* contra.

CANDLER, Justice. H. L. Shannon, as executor of Lawson Kelley's estate, filed a petition in the Superior Court of Coffee County, praying for a construction of his testator's will and for direction in making a distribution of the estate among the several legatees. The prayers of his petition were pursuantly granted on October 8, 1951; and from that judgment Remer Kent and Mrs. Boatright, two of the legatees, sued out a writ of error to this court; but in *Kent v. Shannon,* 209 *Ga.* 8 (70 S. E. 2d, 376), and for the reasons therein stated, we dismissed their bill of exceptions on April 15, 1952. On August 9, 1952, Mrs. Claude Kent Carswell and sixteen others, alleging themselves to be nieces and nephews of the deceased Lawson Kelley and legatees under his will, filed a petition in the same court, naming H. L. Shannon, executor aforesaid, and Mrs. Mildred C. Scott as the parties defendant, and praying for an order construing and clarifying the decree of October 8, 1951, and particularly those parts which deal with a stated amount of money the executor had on hand and had received in satisfaction of an insurance policy the testator carried with a named life-insurance company, and with certain cash in the executor's possession, which the testator had received from the sale of designated realty, bequeathed by item 22 of his will. A copy of the decree of October 8, 1951, was attached to the petition as an exhibit, but no copy of the executor's petition for construction and direction, nor of the testator's will, appears in the record. The attached copy decree shows that the court, after construing the testator's will, directed the executor to pay over and deliver to Mrs. Mildred C. Scott all money and property bequeathed to her by several enumerated items of the will, including the proceeds collected by the executor from the testator's life-insurance policy, and the money received by the testator from the sale of bequeathed realty. The petitioners state several reasons, and cite many authorities, in support of their contention that the testator's will was incorrectly construed by the court, and that

the executor Shannon was improperly directed as to a proper distribution of the testator's estate. It also alleges that the defendant executor is contending that the defendant Mrs. Scott is entitled to the insurance funds and the purchase money which the testator received during his lifetime from the sale of bequeathed realty, both under the terms of the testator's will and under the direction given him by the decree of October 8, 1951; and that he will, on final distribution of the testator's estate, pay such insurance funds and purchase money to her unless the court now directs otherwise. A general demurrer to the petition was sustained, and the exception is to that judgment.

■ Judgments and decrees speak for themselves, and our rules of procedure, pleading, and practice in civil actions make no provision for a proceeding to construe and clarify them. See, in this connection, *Bingham* v. *Citizens & Southern Nat. Bank,* 205 *Ga.* 285 (53 S. E. 2d, 228); 16 Am. Jur. 295, § 23; and *Lawrence* v. *Lawrence,* 87 *Ga. App.* 150 (73 S. E. 2d, 231), and the authorities there cited. For such relief, the petition failed to state a cause of action, and was therefore subject to general demurrer.

■ But the petition questions the correctness of the decree of October 8, 1951, and in effect seeks an order modifying and revising it. Treating it then as a motion to modify and revise the decree, it must also be held that the petition failed to state a cause of action, since the term during which the decree was rendered had terminated before this proceeding was instituted, and the court was without power to modify and revise it. "The authorities all hold that a court has plenary control of its judgments, orders and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may in its discretion seem necessary." 1 Black on Judgments, § 153. But after "the expiration of the term at which a judgment or decree was rendered, it is out of the power of the court to amend it in any matter of substance or in any matter affecting the merits." Ibid., § 154. Therefore, as "a general rule, it is unquestionably true that no act of the court, as contradistinguished from the acts of its officers or of the parties, can be allowed to be amended but dur-

ing the term at which it was done. During the term the record is said to be in the breast of the judge; after it is over, it is upon the roll." Ibid., § 157. So, "when the defect consists in the failure of the court to render the proper judgment, or arises from a want of judicial action, the record can not be corrected after the term has closed, the cause being no longer *sub judice*. . . The power to amend *nunc pro tunc* is not revisory in its nature, and is not intended to correct judicial errors"; and this being so, "However erroneous, the express judgment of the court can not be corrected at a subsequent term." Ibid., § 158. See also, in this connection, *East Tenn., Va. & Ga. Ry. Co.* v. *Greene,* 95 *Ga.* 35 (22 S. E. 36); *Watkins* v. *Brizendine,* 111 *Ga.* 458 (36 S. E. 807); *Dyson* v. *Southern Ry. Co.,* 113 *Ga.* 327 (38 S. E. 749); *McCandless* v. *Conley,* 115 *Ga.* 48 (41 S. E. 256); *City of Cornelia* v. *Wells,* 181 *Ga.* 554 (183 S. E. 66). These plaintiffs were parties to the proceeding instituted by the executor Shannon; and the decree rendered in the cause on October 8, 1951, to which no proper exception was timely taken, is conclusive and binding; and, as to these plaintiffs and all other parties to that proceeding, it fixed, became, and is the law of the case. Code, §§ 38-623, 110-501; *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157); *Bailey* v. *Georgia & Florida Ry.,* 144 *Ga.* 139 (86 S. E. 326); *Benson* v. *Andrews,* 149 *Ga.* 758 (102 S. E. 148). Accordingly, the petition was properly dismissed on demurrer, and therefore no error is shown by the record.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*