49523. ASKREN et al. v. ALLEN.

EBERHARDT, Presiding Judge.

Harris Montgomery Allen filed suits against Edward L. Askren, III, M. D., and against O. Henry Harsch, Ph.D., Irma Lee Shepherd, Ph.D., and Joen Fagan, Ph.D., seeking damages for alleged malpractice in counseling himself, his wife and his minor children relative to family problems. On September 19, 1973 his attorney gave written notice to the court, to the plaintiff and to counsel for the defendants (who had filed defensive pleadings in the actions) that he and his firm were withdrawing as counsel for the plaintiff, and notified the plaintiff to obtain other counsel and have him substituted on the court records in the matters.

The cases were placed on the trial calendar and notice thereof and of the time when they were set for trial was duly published in the Fulton Daily Report in accord with the rules of Fulton Superior Court, wherein the actions were pending. Upon call of the cases for trial neither the plaintiff nor any counsel for him appeared and the cases were dismissed November 19, 1973, during the November Term of court, for want of prosecution, as provided in Code Ann. § 81A-141 (b).

On January 28, 1974, during the January Term of court, the trial judge who had dismissed the cases sua sponte and ex parte, without prior notice to any interested party or his counsel, entered orders setting aside the dismissals which had been entered November 19, 1973.

On February 22, 1974 defendant Askren moved for judgment on the pleadings, asserting that the order setting aside the dismissal was void and of no effect and that the dismissal entered November 19, 1973 was res judicata. On March 4, 1974 the other defendants likewise moved for judgment on the pleadings. Both motions were denied and certificates for review were granted. This

joint appeal followed. *Held:*

1. The judgment of dismissal entered December 10, 1973, though for want of prosecution, was a final judgment, and the court had no jurisdiction in the situation here to set the dismissal aside after expiration of the term of court during which it had been entered. "It is well settled that the trial court, in either a civil or a criminal case, has no jurisdiction to set aside a dismissal and reinstate a cause after the expiration of the term at which it was dismissed, nor can a judgment of the court be changed, amended or modified after the expiration of the term at which such judgment was entered. *Rutland v. State,* 14 Ga. App. 746 (82 SE 293); *Rogers v. Rigell,* 183 Ga. 455 (188 SE 704); *Carswell v. Shannon,* 209 Ga. 596 (74 SE2d 850); *East Tennessee, Va. & Ga. R. Co. v. Greene,* 95 Ga. 35 (22 SE 36); *Alley v. Halcombe,* 96 Ga. 810 (22 SE 901)." *Jacobs v. State,* 95 Ga. App. 155, 157 (97 SE2d 528). "However erroneous, the express judgment of the court cannot be corrected at a subsequent term." *Carswell v. Shannon,* 209 Ga. 596, 599, supra. See also *Haddon v. Brinson,* 39 Ga. App. 798 (148 SE 541). Of course if it were during the term at which the judgment was rendered and still within the breast of the court it could be altered, amended, or set aside, upon motion or sua sponte. *Jones v. Garage Equipment Co.,* 16 Ga. App. 596 (85 SE 940). The rule is not changed and applies with the same force under the Civil Practice Act of 1966. *Holloman v. Holloman,* 228 Ga. 246, 248 (2) (184 SE2d 653). And see *Vick v. Vick,* 230 Ga. 36 (195 SE2d 399). Consequently, the orders of January 28, 1974 setting aside the dismissals and reinstating the actions were wholly void and of no effect.

2. The dismissals for want of prosecution here, under the provisions of Code Ann. § 81A-141 (b), operated as an adjudication upon the merits, since the orders of dismissal did not otherwise specify, and are thus res judicata.

3. Another judgment on the pleadings would not benefit the appellants, since they already have a valid judgment in their favor which operates as an adjudication on the merits. However, for the purpose of clarifying the record the trial court is directed to vacate

the orders of January 28, 1974.

*Judgments affirmed with direction. Deen and Stolz, JJ., concur.*

Argued June 27, 1974 — Decided July 5, 1974.

*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellants. *Walter W. Calhoun,* for appellee.