## 50373. VAUGHAN v. CAR TAPES, INC.

ARGUED MARCH 11, 1975 — DECIDED JUNE 18, 1975.

*S. M. Landress,* for appellant.
*J. Milton Grubbs, Jr., Adele Platt,* for appellee.

CLARK, Judge.

This appeal is by a defendant seeking to reverse the trial court's reinstatement of a suit which had been dismissed for lack of prosecution.

On July 9, 1973, Car Tapes, Inc. brought suit on an account against James S. Vaughan d/b/a Mars Hill Radio Communications in the State Court of Cobb County. Defendant filed his answer admitting jurisdiction and denying the allegations of the complaint. Thereafter the case was called for trial on December 11, 1973. On that date the suit was dismissed by the court, the order reciting ". . . there being no appearance for the plaintiff, it is ordered that said case be dismissed for want of prosecution." There was no language in this order specifying that the dismissal was "without prejudice."

Having no knowledge of this dismissal which had occurred seven months previously, plaintiff filed a motion for summary judgment. This resulted in plaintiff learning of the dismissal.

In conformance with Code Ann. § 81A-140 (c) which directs that the respective courts give notice to parties of trial assignments, the State Court of Cobb County provides for mailing its civil trial calendars to counsel of record.

Plaintiff promptly sought reinstatement of its case via a motion captioned "Motion to Set Aside Judgment." By affidavits the plaintiff established that original counsel did not receive notice of the case having been scheduled for trial and alleged that "through error copies of the court calendar setting said case down for trial was [sic] inadvertently mailed to Bill Greene of Austell, Ga. rather than Bill Greene of Cartersville, Ga." (R. 42).

On the basis of the affidavits and after hearing argument from counsel for plaintiff and defendant the court set aside its original dismissal. This reinstatement order read: "It is hereby ordered and adjudged that said Motion to Set Aside is hereby considered on the same

footing as [an] extraordinary Motion for New Trial, and,

"It is further ordered that this Court exercises its discretion in said matter and grants said Motion and hereby re-instates said case, it appearing that said matter will promote the ends of justice and that there is sufficient cause shown in the Affidavits attached to said Motion as well as other good and sufficient cause." (R. 49).

This appeal followed accompanied with the requisite review certificate. *Held:*

1. As the order of dismissal contained no language as to being "without prejudice," it operated as an adjudication upon the merits of plaintiff's claim. Code Ann. § 81A-141 (b); *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150); *Askren v. Allen,* 132 Ga. App. 292 (208 SE2d 165).

2. "Extraordinary motions for new trial are still available procedures under Code Ann. § 70-301 and Code Ann. § 81A-160 (c) (f)." *Windsor Forest, Inc. v. Rocker,* 121 Ga. App. 773 (1) (175 SE2d 65).

3. The trial court correctly considered plaintiff's motion to set aside as an extraordinary motion for new trial, because it would not come under Code Ann. § 81A-160 (d) which requires a nonamendable defect appearing upon the face of the record or pleadings. *Newman v. Greer,* 131 Ga. App. 128 (205 SE2d 486); *Leiter v. Arnold,* 118 Ga. App. 108 (163 SE2d 235); *Union Life Ins. Co. v. Aaronson,* 109 Ga. App. 384 (136 SE2d 142).

4. Under Code § 70-208 the trial court is vested with a sound legal discretion in granting a new trial on grounds not specifically provided for by law. Thus, the non-appearance of a party or his counsel for good cause may be raised in a motion for new trial and the grant of such a motion will not be controlled unless manifestly abused. *Leiter v. Arnold,* supra; *Union Life Ins. Co. v. Aaronson,* supra.

In the case sub judice, we cannot say the trial court abused its discretion in granting plaintiff's motion. The fact that counsel did not receive notice that the suit had been scheduled for trial constitutes (1) a sufficient excuse for delay in filing the motion for new trial so as to enable the court to hear the extraordinary motion; and (2) a sufficient ground upon which the trial court set aside the

judgment. *Union Life Ins. Co. v. Aaronson,* supra.

Whether plaintiff's counsel violated his duty of keeping advised as to the progress of the litigation was also a matter addressed to the trial court's discretion. See *Dollar v. Fred Amend Co.,* 184 Ga. 432 (191 SE 696).

5. While there is a presumption in favor of the regularity and legality of all proceedings in our courts (Code § 38-114; *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912)), circumstances attending a purely ministerial act may be investigated, even though the person performing the act is a judicial officer. *Green v. Rhodes,* 8 Ga. App. 301 (68 SE 1090). Thus, the trial court was authorized to determine whether the clerk properly sent notice of trial to plaintiff's counsel. And having determined that plaintiff's counsel did not receive such notice, the court was empowered to grant a new trial. Compare *Tootle v. Player,* 225 Ga. 431, 433 (3) (169 SE2d 340) wherein the overruling of a motion for new trial which had been made on the ground the trial was held without giving movant notice was deemed proper since the trial judge found that the clerk mailed a copy of the trial calendar to movant's attorney.

6. This case differs from *Askren v. Allen,* 132 Ga. App. 292 (208 SE2d 165) relied upon by appellant in two respects. One is factual in that there the dismissal judgment was rendered after requisite notice of trial assignment had been published in the Fulton Daily Report in compliance with the Fulton Superior Court rules. Here the court rules had not been complied with due to the mistake by the clerk's office in apparently mailing the trial calendar to the wrong attorney by reason of surname similarity as the attorney of record did not receive it. "It has been held that judgments of a court erroneously entered should be set aside where the mistake was that of the court, and not that of parties to the litigation." *Toomer v. Hopkins,* 204 Ga. 34, 37 (48 SE2d 733) and cases cited therein.

The other difference is in procedure. The vehicle used here was treated by the trial judge as being an extraordinary motion for new trial and therefore could be considered after the term at which the dismissal judgment had been entered. Code § 70-303. Moreover, "In

making a determination on the merits [of an extraordinary motion for new trial] the trial judge has a broad discretion which will not be controlled absent abuse as a matter of law." 23 EGL 62, New Trial, § 9. See also the recently published fourth edition of Georgia Practice and Procedure § 19-3 as revised by Arnold and Warren Shulman.

7. There is no merit in the enumeration of error charging plaintiff with laches. Parties have a right to rely upon notice of trial assignments being given in compliance with court rules and Code Ann. § 81A-140 (c). Plaintiff acted promptly upon discovery of the dismissal.

8. Nor is there any merit in the assignment asserting that the court had not considered "whether or what rights had vested under its judgment and whether or not innocent parties would be injured thereby." The language used by the court in drafting its judgment constitutes sufficient rebuttal of this contention. Additionally, appellant-defendant is not deprived of his day in court as his right to defend upon the merits has not been lost.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*