## 52587. HAMILTON v. MASLIA et al.

MCMURRAY, Judge.
Following the sale of property under the powers contained in the deed to secure debt, an application for

confirmation of the sale was made. The defendant, Billy Hamilton, answered denying all the allegations of the complaint and requested the same be dismissed for failing to state a claim against him. The petition for same was then amended seeking a judgment for fraud arising out of a conspiracy in the transfer of the property by and between the various defendants, the consolidation of the suit with another action, the chilling of the bidding with reference to the sale of the property, misappropriation of trust funds, the appointment of a receiver and for attorney fees and punitive damages. A temporary receiver was appointed, but the record does not disclose that he ever took office. The case came on for a hearing and three of the defendants consented to a money judgment against them. The defendant, Billy Hamilton, having failed to appear, his answer was stricken and judgment was rendered against him on the issue of liability only, "the amount of damages to be determined by a jury." This judgment was rendered on May 16, 1975.

A jury trial was held on the 17th of September, 1975, and the court directed a verdict against defendant and entered a final judgment. Defendant's counsel was not present, arriving late after conclusion of the case, whereupon counsel for plaintiff consented to vacate the verdict and judgment, and the court on the same date and term voided the judgment by signing an order "void this Sept. 17, 1975."

On October 13, 1975, during the same September term of the Atlanta Judicial Circuit, the case came on the calendar again for jury trial and no answer being made by either party when the case was called, the same was dismissed. On October 21, 1975, during this term of the Atlanta Judicial Circuit, plaintiff moved to vacate and set aside the dismissal, contending that since he had voluntarily consented to the vacating and setting aside of the verdict and judgment rendered on September 17, 1975, upon the request of counsel for defendant and having requested of counsel for defendant that he now consent to the vacating and setting aside of the dismissal and who refused to consent to the reinstatement of the case, that it would be eminently unfair, unconscionable and inequitable to allow the case to be dismissed for want

of prosecution. No rule nisi or order was filed thereto although defendant answered setting up the various times the case had been called for trial and praying that the action remain dismissed for want of prosecution.

On December 5, 1975, during the November term of the Atlanta Judicial Circuit, the court granted plaintiff's motion to vacate and set aside and reinstated the case.

Thereafter the case came on for trial before a jury and a verdict was returned against the defendant by direction of the court and judgment rendered against the defendant. Defendant appeals. *Held:*

1. The court of record retains full control over orders and judgments, where not based on jury verdicts, during the term in which they are entered as such orders and judgments remain in the breast of the court. *Maxwell v. Cofer,* 201 Ga. 222 (a) (39 SE2d 314); *Deen v. Baxley State Bank,* 192 Ga. 300 (1), 303 (15 SE2d 194).

2. The judgment of October 13, 1975, dismissing the cause for want of prosecution during the September term was a final judgment and the court had no power to set it aside as an order within the breast of the court where no rule nisi was executed during the September term extending a hearing thereon into the next term so as to alter, amend, set aside or reinstate the case during the November term, some 53 days later. See *Askren v. Allen,* 132 Ga. App. 292 (208 SE2d 165) and cases cited therein.

3. The motion to set aside is not predicated upon some nonamendable defect which appears upon the face of the record or pleadings and merely recites that it would be unfair, unconscionable and inequitable to allow the case to be dismissed for want of prosecution. The court was without authority to set the judgment aside under Code Ann. § 81A-160 as to fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fraud of the complainant. See *Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95, 96 (162 SE2d 756); *Jordan v. Plott,* 121 Ga. App. 727, 728 (1) (175 SE2d 148); *Northern Freight Lines v. Fireman's Fund Ins. Co.,* 121 Ga. App. 786 (175 SE2d 104); *Paine v. Lowndes County Bd. of Tax Assessors,* 124 Ga. App. 233, 235 (183 SE2d 474).

4. As the case was dismissed for want of prosecution during the September term of court which was a ruling on

the merits, and no good cause was thereafter made to reinstate the case, this rendered nugatory all actions thereafter, even though the case as it stood at that time as a default judgment in favor of the plaintiff required only a jury question as to the amount of the judgment.

*Judgment reversed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED SEPTEMBER 29, 1976 — REHEARING DENIED OCTOBER 28, 1976 — 

*William R. Parker,* for appellant.

*Marvin P. Nodvin, William J. Dawkins,* for appellees.