54428. STOCKS v. COLONIAL STORES, INC.

BIRDSONG, Judge.

This is an appeal from an order of the trial court granting a summary judgment for the appellee. The facts of this case are as follows: On September 26, 1975, appellant filed a complaint in the Superior Court of Fulton County, Case No. C-9579, against the appellee alleging that Colonial Stores, Inc., without reasonable or probable cause charged R. F. Stocks, Sr. (appellant) with impersonating an officer, theft by taking, and theft by deception seeking damages in the amount of $100,000. Appellee denied the allegations.

On June 17, 1976, the trial court dismissed the case for want of prosecution; subsequently, on July 16, 1976, in the next term of court, the same trial judge issued an ex parte order vacating and setting aside the order of June 17, 1976. On that same day, the counsel for appellant

voluntarily dismissed case no. C-9579.

On November 12, 1976, appellant filed another suit having the same parties and allegations as set forth in suit no. C-9579, this being suit no. C-24439.

Appellee filed a motion to dismiss suit no. C-24439, and the trial judge, treating the motion to dismiss as a motion for summary judgment, granted the motion; however, he stated in his order that the claim was barred by the statute of limitation. From this order appellant appeals. The term of the Superior Court of Fulton County begins on the first Monday in January, March, May, July, September, and November of each year. Ga. L. 1905, p. 89 (Fulton County Code 11-101). The order of the trial judge dated June 17, 1976, dismissing case no. C-9579 was made during the May, 1976 term of Fulton Superior Court. This order dismissed case no. C-9579 for want of prosecution. On July 16, 1976, at the July, 1976 term of Fulton Superior Court, an order was issued by the trial judge, attempting to vacate and set aside the order of June 17, 1976, and reinstate the case. *Held:*

The judgment of dismissal of June 17, 1976, for want of prosecution was a final judgment and the trial court had no jurisdiction to set aside the dismissal after the expiration of the term of court during which it had been entered (in the case sub judice, May Term, 1976), absent a compliance with the provisions of CPA § 60 (Code Ann. § 81A-160). The record reflects neither a collateral nor a direct attack upon the judgment of June 17, 1976. This court on numerous occasions has held that the trial court, in either a civil or a criminal case, has no jurisdiction to set aside a dismissal and reinstate a case after the expiration of the term at which it was dismissed, nor can a judgment of the court be changed, amended or modified after the expiration of the term during which said judgment was entered. *Carswell v. Shannon,* 209 Ga. 596 (74 SE2d 850); *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715; *Askew v. Allen,* 132 Ga. App. 292 (208 SE2d 165); *Hamilton v. Maslia,* 140 Ga. App. 239, 241 (2) (230 SE2d 318).

Consequently, the order of July 16, 1976, setting aside the dismissal and reinstating the action was void and of no effect, having been entered after the expiration

of the term during which the action was initiated.

A judgment of a trial court which is correct will be affirmed on appeal even though the trial judge in rendering the judgment may have assigned an incorrect reason therefor. *Cox v. Vulcan Basement Waterproofing Co.*, 140 Ga. App. 30 (230 SE2d 86).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1977 — DECIDED OCTOBER 18, 1977.

*Robert L. Ridley,* for appellant.

*Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Eileen M. Crowley,* for appellee.